## El Pueblo v. Salcedo.

Apelación procedente de la Corte de Distrito de Ponce.

No. 108.—Resuelto en noviembre 27, 1907.

Denuncia—Lugar en que se Cometió el Delito—Apelación.—Cuando en una denuncia no apareciere que el delito fué cometido en un lugar que esté dentro de la jurisdicción de la corte, á falta de excepción interpuesta oportunamente, el defecto no es substanciál como para justificar la revocación de la sentencia; pero si la denuncia ha sido oportunamente excepcionada, la excepción debe sostenerse y si se rechazara, procede la revocación de la sentencia.

Id.—Juegos Prohibidos—Monte.—En una denuncia ó acusación imputando á los acusados el delito de haber tomado participación en un juego de monte, es necesario alegar que dichos acusados jugaban por dinero, cheques, crédito ó fichas que representaban valores, y la falta de esa alegación da lugar á una excepción, que si se formula, debe sostenerse, y si se rechazara, el error justificaría la revocación de la sentencia.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. Manuel Tous Soto.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

La presente fué un proceso originado por una denuncia presentada en la corte municipal de Coamo por el delito de jugar á juegos prohibidos, contra Salcedo y cinco personas más, incluso el secretario y el marshal de dicha corte. Fueron declarados culpables por la corte municipal, y apelaron el caso á la Corte de Distrito de Ponce, donde volvieron á ser declarados culpables; y se les impuso la misma pena.

El día 3 de abril de 1907 la Corte de Distrito de Ponce, habiendo dictado previamente una sentencia condenatoria, impuso una multa de ciento veinte y cinco dollars á cada uno, á Salcedo, Colón y Quesada; con una pena alternativa de cuarenta días de cárcel, habiendo impuesto á Suro, Pérez y Rico una multa de cien dollars á cada uno, con alternativa de treinta días de cárcel. La sentencia dice que confirma parcialmente la de la corte municipal. Por supuesto, esta última resolución era errónea, como hemos demostrado anteriormente, en varios casos; entre otros, en el de Laviosa, resuelto el 30 de octubre último pasado. La prisión alternativa en la corte municipal fué la misma en la corte de distrito, y fué errónea en la primera, mientras que era admisible en la segunda, como queda consignado en el caso de Laviosa.

Es demás discutir nuevamente estas cuestiones, puesto que las observaciones hechas en el dictamen á que se ha hecho referencia, son completamente aplicables á los errores en el presente caso, así como á los del caso en que fueron empleadas primitivamente.

Al hacer un examen de la denuncia contra la cual fué presentada la excepción previa, la encontramos mala. El primer fundamento de la excepción fué que no se determinó debidamente el sitio; en otras palabras, que no se expresó en la denuncia, que el delito fué cometido en un sitio dentro de la jurisdicción de la corte municipal de Coamo. Hemos resuelto en varios casos que cuando no se hiciera constar la excepción en la corte inferior, esta objeción no se tomaría en considera-

ción por primera vez en esta corte; es decir, hemos resuelto que la falta de designación del lugar del delito no es un defecto sustancial de la denuncia que sin ser alegado como excepción pueda anular la sentencia; pero hemos dado á entender indirectamente que cuando se toma excepción debidamente, debería ser sostenida. Esta excepción fué debidamente presentada en la Corte de Distrito de Ponce y fué desestimada, y se hizo constar la excepción hecha á la resolución de la corte. Creemos que se incurrió en error al desestimar la excepción previa presentada á la demanda.

El segundo fundamento de excepción, presentado en la Corte de Distrito de Ponce contra la denuncia, fué que no se alega en la misma que se jugaba con dinero, sino que se jugaba al monte. Es posible que se hubiera podido jugar al monte meramente con el fin de distraerse, sin usar el dinero, sino habichuelas, fichas, ó cualquiera cosa que no tuviera valor y que no fuera redimible en dinero ú otra cosa de valor.

El Código Penal, sección 299, bajo la cual se formuló esta denuncia, al definir el delito, prescribe que para completarlo es necesario que se juegue ó que se establezca ó abra un juego por dinero, cheques, crédito ú otra cosa que represente dinero, ó que se apueste dinero ó alguna cosa de valor, y esta es una alegación que ha debido consignarse en la denuncia ó en la acusación, según sea el caso, pudiendo dar lugar su omisión á una excepción, que cuando se alegue debe ser admitida. La corte desestimó la objeción, y se hizo constar excepción á la resolución. Creemos que, al dictar esta sentencia, la corte de distrito incurrió en error, por lo cual debe revocarse la sentencia.

En vista de la indicación hecha respecto á la revocación de la sentencia, no hay ocasión de examinar los hechos en el caso, respecto á si son ó no suficientes para justificar la sentencia dictada.

, Por los motivos expresados, debe revocarse la sentencia dictada por la Corte inferior, por los errores indicados, y desestimarse el caso.

*Desestimada.*

Juces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.