FRANCISCO ZALDUONDO, demandante y apelado, *v.* ESTHER, RAFAEL, ABIGAÍL, SARAH, EDUARDO Y JULIO MÉNDEZ BAS, demandados y apelantes.

Número 10723.

*Sometido:* 6 de febrero de 1953. *Resuelto:* 20 de abril de 1953.

*Romany & Romany,* abogados de los apelantes; *Francisco González, Jr.,* abogado del apelado.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del tribunal.

Francisco Zalduondo instó demanda de deslinde contra Esther, Rafael, Eduardo, Abigaíl, Sarah y Julio Méndez Bas. En su demanda alegó ser dueño de una finca rústica denominada "Unión", compuesta de 177 cuerdas de terreno con 33 centésimas y 32 milésimas de otra, sita en el Barrio Sabana de Luquillo, la cual describe detalladamente; que los demandados son dueños en común proindiviso de la hacienda denominada "Paloma" compuesta de 490.14 cuerdas, la que también se describe destalladamente; que la finca del demandante colinda por el norte con la de los demandados "y existe en dicha colindancia una porción de terreno de más o menos cinco cuerdas que pertenece a la finca 'Unión' del demandante, cuyo derecho alega el demandante de buena fe y de cuya parcela están en posesión los demandados"; que para proteger su derecho de propiedad a la mencionada parcela de cinco cuer-

das más o menos se hace necesario que se practique un deslinde; que los demandados no han autorizado y se han negado a consentir que se practique tal deslinde dentro de tres días después de haber sido requeridos para ello por escrito y por correo certificado desde el 13 de mayo de 1948.

Los demandados solicitaron la desestimación de la demanda fundándose en que la misma no aducía hechos constitutivos de una causa de acción. Declarada sin lugar dicha moción, contestaron la demanda aceptando el hecho de que el demandante es dueño de la finca "Unión" y los demandados lo son de la finca "La Paloma", pero negaron que aquélla colindase por el norte con ésta, alegando en contrario que la colindancia norte de la finca "Unión" era el Río Sabana y no la finca "La Paloma". Los demandados negaron además que en su finca La Paloma existiera porción alguna de terreno perteneciente a la finca Unión; que el demandante no tenía ningún derecho a reclamar ninguna porción de terreno en la finca La Paloma de los demandados y que la alegación que en tal sentido hacía el demandante no había sido hecha de buena fe. Como defensa afirmativa alegaron los demandados que desde hacía más de 50 años ellos habían venido poseyendo la finca La Paloma con las colindancias correctas según se expone en la contestación y que dicha finca había estado cercada por sus cuatro puntos cardinales durante todo ese tiempo.

Después de celebrarse el juicio en los méritos, el tribunal a quo dictó sentencia ordenando el deslinde solicitado y condenando a los demandados al pago de la mitad de los gastos que ocasione el deslinde con más las costas y honorarios de abogado. De esa sentencia han apelado los demandados imputándole al tribunal a quo la comisión de ocho errores que discutiremos en el decurso de esta opinión.

El primero de dichos errores va dirigido contra la suficiencia de las alegaciones de la demanda. Arguyen los apelantes que bajo la Regla 34(b) de las de Enjuiciamiento Civil no basta la simple alegación de que existe "una porción

de terreno de más o menos cinco cuerdas que pertenece a la finca Unión del demandante, cuyo derecho alega el demandante de buena fe y de cuya parcela están en posesión los demandados", sino que es necesario alegar hechos que demuestren a la corte que "el demandante creía o tenía derecho a creer de buena fe a que tenía derecho a reclamar la posesión o el dominio o una participación o interés en la finca La Paloma propiedad de los demandados". No tiene razón. Tal argumentación descansa en el alcance que dan al lenguaje usado en varios casos procedentes de cortes federales en los que se ha interpretado la Regla 34 (inciso (a) de las nuestras), al efecto de que hay que demostrar que existe justa causa para solicitar el remedio que concede dicha regla. No tenemos que resolver ahora la validez de esa contención. Este caso no se rige por el inciso (a) de la Regla 34, y sí por su inciso (b).(¹) Este inciso es una adición a dicha regla que no tiene precedente alguno en las reglas federales. Dicho inciso (b) es una adaptación del artículo 286 de nuestro Código de Enjuiciamiento Civil, que era el que prescribía el procedimiento para solicitar el deslinde. Este derecho lo esta-

---

(¹) Dicho inciso dispone:

"(b) Acción de Deslinde.—Mediante la radicación de una demanda y siguiéndose el procedimiento establecido por estas Reglas, cualquier persona que de buena fe se creyere con derecho a reclamar la posesión, dominio o una participación o interés en propiedad inmueble que esté o que por motivos pertinentes creyere que está en posesión de otra persona y se haga necesario para determinar, obligar o reconocer o proteger tales derechos o intereses que se practique un examen, deslinde, o se tomen fotografías de la propiedad, o de cualquier objeto u operación relevante de la misma, y si la persona que estuviere en posesión de la misma dejare de autorizar o se negare a consentir durante tres días después de haber sido requerida por escrito, la corte de distrito donde radiquen los bienes podrá ordenar mediante sentencia que se practiquen las diligencias mencionadas tenga o no pendiente ante dicha corte algún litigio sobre tal reclamación. En la demanda se hará constar la descripción de la propiedad, el interés que la parte reclame tener en ella, nombre de la persona en posesión de la propiedad, la razón por la cual se solicita se autorice la toma de fotografías o se haga el examen o deslinde y el requerimiento hecho a la otra parte y la negativa de ésta."

tuye el artículo 319 del Código Civil (ed. 1930). (²)  *Zayas* v. *Autoridad de Tierras*, 73 D.P.R. 897.  Bajo la mencionada regla hay que hacer constar en la demanda (1) descripción de la propiedad; (2) el interés que la parte reclame tener en ella; (3) nombre de la persona en posesión de la propiedad; (4) la razón por la cual se solicita se haga el deslinde; y (5) requerimiento hecho a la otra parte y negativa de ésta. La demanda en este caso cumple con todos estos requisitos. Por lo demás, hemos dicho en repetidas ocasiones que si de las alegaciones de una demanda interpretadas de la manera más favorable al demandante y resolviendo toda duda a favor de éste, surge una reclamación válida que pueda dar lugar a algún remedio, no debe desestimarse la demanda.  *Cruz* v. *Ortiz*, ante pág. 321 y casos allí citados.  No erró la corte a quo al declarar sin lugar la moción de desestimación.

 ▮▮ Los demandados le imputan también al tribunal a quo el haber errado al declarar sin lugar su moción de *nonsuit*.  Su moción se fundamentó en el hecho de que el demandante no había probado que él (el demandante) tuviese en la finca "La Paloma" de los demandados las cinco cuerdas que alega le pertenecen.  Su posición en apelación es al efecto de que "El demandante debió haber traído sus títulos, justificar en alguna forma que le faltaba terreno, demostrar que el terreno que le faltaba estaba precisamente en la finca de los demandados", y que no habiendo hecho tal cosa procedía la moción de *nonsuit*.  Tampoco tienen razón.  No procede declarar con lugar una moción de *nonsuit* cuando existe al menos alguna prueba que sostenga la demanda.  *Suárez* v. *Saavedra*, 52 D.P.R. 684; *Rosado* v. *Ponce Ry. & Light Co.*, 18 D.P.R. 609.  Si se tratara aquí de una acción reivindicatoria, quizás tendrían razón los apelantes.  Pero la acción que aquí se ejercita es la acción de deslinde, cuyo propósito es de-

---

(²) Dicho artículo dispone así:

"Artículo 319.—Todo propietario tiene derecho a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes.

"La misma facultad corresponderá a los que tengan derechos reales."

terminar los linderos confundidos de las dos heredades contiguas. 3 Manresa 307. La moción de nonsuit era claramente improcedente ya que el demandante, además de los planos que presentó para demostrar, como demostraron, que su finca colindaba con la de los demandados y no con el Río Sabana, declaró que entre ambas fincas no hay una colindancia precisa ·(pág. 5 de T. de la E.). Si, como decimos antes, el propósito de la acción de deslinde es determinar los linderos confundidos de las dos heredades contiguas, bastaba con la prueba de que entre ambas fincas no hay una colindancia precisa para declarar sin lugar la moción de nonsuit. Como dice Manresa, en sus Comentarios al Código Civil Español,· Tomo 3, pág. 311:

". . . . En el deslinde no se demanda una cosa cierta y determinada que como propietarios nos pertenezca, sino que, precisamente por la indeterminación de la propiedad confundida con la que le es colindante, se reclama la fijación de señales que la deslinden y hagan cesar la confusión."

Los casos citados por los apelantes no son de aplicación toda vez que en ellos la acción ejercitada lo era la reivindicatoria.

El tercer error va dirigido contra la resolución del tribunal a quo permitiendo la contestación a una pregunta hecha al demandante Zalduondo por su abogado. La pregunta formulada fué la siguiente: "P—¿De acuerdo con su mejor leal saber y entender, como qué cantidad de terreno más o menos está actualmente usurpándole la finca La Paloma a usted en la colindancia norte de su finca?" El apelante se opuso a que se permitiera la contestación de esa pregunta por entender que dicha contestación envolvería una conclusión de derecho del testigo. Anteriormente este testigo había declarado que su finca colinda por el norte con la de los demandados; que dicha colindancia no era precisa y que había deducido esta acción para que se establezcan los puntos correspondientes a dicha colindancia. La prueba documental del demandante también establecía el hecho de que su finca colinda por el norte con la finca de los demandados. En cam-

bio, la prueba presentada por dichos demandados fué al efecto de que no era cierto que la finca del demandante colindara con la de ellos por el norte, sino que por ese punto el río Sabana separaba una finca de la otra. Si contrario a lo que sostienen los demandados, los límites de la finca del demandante se extiende por su colindancia norte mas allá del mencionado río, resultaría como consecuencia de ello, que alguna porción de dicha finca está siendo poseída por los demandados. Por lo tanto, de haberse cometido el error señalado, el mismo no sería perjudicial ni justificaría la revocación de la sentencia apelada.

El cuarto señalamiento imputa al tribunal a quo el haber cometido error "al conceder valor probatorio a los planos presentados en evidencia por el demandante sin que se demostrase al tribunal que los tales planos habían sido hechos correctamente de acuerdo con los rumbos y distancias expresados en los títulos de dominio del demandante que no fueron presentados como prueba." En su conclusión de hecho núm. 5, el tribunal a quo dice: "Que de los planos y certificaciones de mensura ofrecidos en evidencia se desprende que la finca del demandante llamada Unión colinda por el norte con la finca de los demandados llamada 'La Paloma'." Se desprende, pues, que el juez del tribunal a quo consideró todos los planos ofrecidos en evidencia, tanto los presentados por el demandante como los presentados por los demandados. Al así hacerlo dirimió cualquier conflicto de pruebas que pudiesen surgir de los mismos. No se alega que haya incurrido en error manifiesto al así apreciar esa prueba ni que haya actuado con pasión, prejuicio o parcialidad. No podemos, por tanto, alterar esa conclusión. *Viera* v. *Arizmendi*, ante pág. 38. Además, uno de los planos es una certificación de mensura y deslinde de la estancia "Unión" del demandante practicada en 1912 por dos agrimensores y en el cual aparece la firma de la madre de los demandados reconociendo estar conforme con las colindancias allí señaladas. Dicho plano señala que la finca del demandante colinda por el norte con la de los

644

demandados. Esto es contrario a la constante alegación de los demandados, de que su finca colinda con el río Sabana y no con la finca del demandante. El tribunal a quo podía considerar ese plano, *Cf. Semidey* v. *Sucn. Salichs*, 34 D.P.R. 68, y concluir que existe un conflicto y confusión en cuanto a las colindancias.(³)   Para resolver el conflicto se hace necesario el deslinde.

■  Por el quinto error se alega que el tribunal a quo no dió "cumplimiento a la Regla 52 pues no hizo pronunciamiento alguno en cuanto a la cuestión de prescripción alegada por los demandados que era uno de los *issues* vitales y fundamentales en el caso." No se cometió error alguno. La acción de deslinde, como ya dijimos, va dirigida a hacer cesar la confusión de linderos. No se puede litigar en ella la cuestión de la prescripción o usucapión. Sentencia del Tribunal Supremo Español de 13 de diciembre de 1870 (23 J.C. 195). Esta regla no causa perjuicio alguno al demandado ya que la acción de deslinde no da ni quita derechos. *Zayas* v. *Autoridad de Tierras*, supra. Al efecto, dice Manresa, en su obra citada, a la pág. 305:

"Tal acción es ciertamente muy distinta de la acción reivindicatoria, que, de modo subsidiario, se da cuando los límites de diversos fundos contiguos hállanse ya demarcados, o cuando, como consecuencia de la demarcación, hay necesidad de reivindicar terrenos que se creen usurpados.

"Esta diferencia tan esencial y tan clara, puede precisarse del siguiente modo: por abandono de un dueño y por la posesión del colindante, continuada y con los demás requisitos necesarios, adquiere el segundo mediante la prescripción la propiedad de la parte de otra finca que ha venido poseyendo, y no podrá reivindicarla el dueño antiguo de ella, *pero sí conservará éste, mientras le quede algo de su finca, y por grande que fuere la parte perdida, el derecho a pedir un deslinde,* aunque como es lógico, en él se hayan de llevar los límites a sitios muy distintos de aquéllos en

---

(³) La conclusión de hecho núm. 6 del tribunal a quo dice:

"Que para determinar la verdadera colindancia en la parte Norte de la finca del demandante con la finca del demandado (sic) se hace necesario se practique un deslinde."

que estuvieron o pudieron estar primitivamente, antes de verificarse la prescripción aludida." (Bastardillas nuestras.)

El sexto señalamiento es al efecto de que el tribunal a quo "cometió error al declarar con lugar la demanda cuando de la prueba de los demandados, no contradicha, apareció terminantemente que la finca La Paloma estaba cercada por sus cuatro puntos cardinales y había estado poseída por los demandados y sus antecesores en título por más de 50 años siendo inútil por tanto cualquier deslinde que se practicase." En la discusión del quinto error ya dijimos que la cuestión de la prescripción o usucapión no se puede discutir en una acción de deslinde. Ello debe reservarse para la acción ordinaria que más tarde pueda ejercitarse como resultado del deslinde. Los casos citados por los apelantes no son de aplicación. Todos ellos provienen de jurisdicciones norteamericanas, cuando que la acción de deslinde es una acción reconocida por nuestro derecho civil. La cita que hacen de 3 Manresa 327 no sostiene su contención.

El séptimo error es el más serio de los señalados por los apelantes. Impugnan ellos la sentencia del tribunal a quo en tanto en cuanto ordena a los demandados a pagar la mitad de los gastos que ocasione el deslinde ordenado. El apelado se limita a señalar que dicho señalamiento es "enteramente frívolo" y que el tribunal a quo puede imponer tal condición "dentro de su sana discreción." Sin embargo, no nos cita autoridad alguna sobre la cual descansa su contención, aunque aparentemente el inciso (c) de la misma Regla 34 parece darle la razón.(⁴) Los apelantes tampoco nos citan autoridad alguna sobre la cual esté fundamentado su señalamiento. Una búsqueda de los principales comentaristas civilistas nos

---

(⁴) El inciso (c) de la Regla 34 dispone:

"(c) Ordenes o Sentencias.—Las órdenes o sentencias que se dicten de acuerdo con esta Regla especificarán la fecha, sitio y manera de practicar las inspecciones y de hacer las copias, fotografías, exámenes y deslindes y podrán prescribir los términos y condiciones que se estimaren justos."

demuestra que aparentemente la cuestión no ha sido tratada por la jurisprudencia. En Muscius Scaevola, Código Civil, se dice, a la pág. 153 del Tomo 7 (4a. ed.) como sigue:

"C) *Sobre los gastos que ocasione el deslinde.*—En el caso del deslinde judicial y aun en el hecho amigablemente entre las partes, ¿quién o quiénes han de satisfacer los gastos que en tal acto se causen? Pregunta es ésta de difícil contestación, teniendo en cuenta el extraño silencio, tanto del Código como de la Ley de Enjuiciamiento Civil, respecto a dicho particular. Hojeamos los tomos de la Jurisprudencia del Tribunal Supremo y tampoco nos resuelven la dificultad, a pesar de que es verosímil suponer que la cuestión propuesta debió y debe presentarse frecuentemente ante los Tribunales. Los precedentes que nos proporcionan los Códigos extranjeros convienen en declarar dichos gastos comunes o a prorrata entre el que promueve el expediente de deslinde y los demás propietarios colindantes. El proyecto español de 1851, conforme con el Código francés (art. 646), considera expensas comunes las a que asciendan los mencionados gastos.

"Nuestra opinión, que difiere de la doctrina contenida en los precedentes expuestos, ha de ser modesta y exenta de pretensiones de infalibilidad, que nunca abrigaremos y menos en el caso referido, oscuro y difícil en su solución. Sostenemos que los gastos del expediente de deslinde deben en justicia corresponder al que lo promueva o inicie, por cuanto éste usa de un derecho cuyo ejercicio a él en primer lugar va a beneficiar, aun cuando a los demás propietarios colindantes pueda o no perjudicarles la delimitación de sus respectivas propiedades. Pero los últimos van obligados, digámoslo así, al deslinde y también a defender o vigilar el respeto a sus derechos ante la pretensión o deseo manifestado por el iniciador o iniciadores del expediente, y el primero usa de un derecho que, como tal, está introducido en su favor, siendo en él potestativo que lo ejercite o no.

"No nos referimos al caso de que se promueva oposición en el expediente de deslinde, porque entonces, como se da lugar a la formación de un verdadero pleito, la regulación de las costas se hará en virtud de la buena o mala fe mostradas durante la tramitación de aquél, y con arreglo también a los principios generales de la ley procesal vigente.

"En el deslinde hecho convencionalmente también pueden los interesados acordar entre ellos quién ha de sufragar los gastos, o

si han de correr de cuenta común o a prorrata del interés de cada uno en el resultado del deslinde.

"El importe del papel sellado invertido en las actuaciones del expediente de deslinde, los honorarios del personal judicial y los de los peritos y demás sujetos a Arancel, y, en general, todos los dispendios que produzca la ejecución de aquel acto son a los que nos referimos, cuando éste tenga lugar judicialmente, y los que opinamos que debe sufragar el que haga uso del derecho que le concede este art. 384 del Código, por cuanto sería injusto hacer responsable de gastos a personas que no los han provocado directa ni indirectamente, sino que intervienen de manera pasiva y las más de las veces obligadas en la operación del deslinde.

"Los autores de nuestro Código, además, debieron tener a la vista cuando redactaron este art. 384, uno de sus precedentes españoles más inmediatos, o sea, el contenido en el artículo 510 del Proyecto de Código civil de 1851; y la omisión de una de las frases de éste, a *expensas comunes,* en el artículo que comentamos (que repite por otra parte el mismo sentido y casi las mismas palabras que aquél) indica claramente que el legislador español de 1889 no ha querido adoptar el criterio seguido por el legislador de 1851 respecto al extremo de quién ha de satisfacer las costas en los expedientes de deslinde."

Estamos de acuerdo con esa opinión. Los gastos que ocasione la ejecución del deslinde deben ser sufragados enteramente por el promovente. En este caso, los demandados no interesan el deslinde sino que, antes bien, se oponen a esa operación. ¿Por qué se les ha de obligar a pagar por un acto que no interesan se lleve a cabo? La sentencia dictada por el tribunal a quo debe, pues, ser modificada para eliminar el inciso (C) de la misma que dispone que "Los gastos del técnico que efectúe el deslinde serán pagados de por mitad por el demandante y otra mitad por los demandados." Por supuesto, que la condena en costas debe prevalecer ya que dicha condena está válidamente fundamentada en nuestra ley de costas. Artículo 327 de nuestro Código de Enjuiciamiento Civil (ed. 1933), según fué enmendado por la Ley núm. 411 de 11 de mayo de 1951, Leyes de 1951, pág. 1095.

■ No se cometió el octavo error señalado. El mismo va dirigido contra la condena al pago de $250 como honorarios

de abogado, habiendo concluído el tribunal a quo que "Los demandados han sido litigantes temerarios." Este Tribunal ha sostenido que cuando a juicio del tribunal a quo, la parte perdidosa ha sido temeraria, la concesión de honorarios de abogados es imperativa. *Font* v. *Pastrana*, 73 D.P.R. 247; *Hernández* v. *Caraballo*, ante pág 29.

*Por los razonamientos expuestos, debe modificarse la sentencia apelada en tanto en cuanto impone a los demandados el pago de la mitad de los gastos que ocasionen las operaciones de deslinde, debiendo disponer que dichos gastos se pagarán en su totalidad por el demandante.*

*Así modificada, debe confirmarse.*