Pesante Martínez, Juez Ponente
*585 TEXTO COMPLETO DE LA SENTENCIA
El apelante, Sr. Anastacio Peña García, recurre insatisfecho de una sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Humacao, el 17 de octubre de 1996, que declaró Ha Lugar la acción de deslinde presentada en su contra por la parte apelada, Sra. Carmen González Martínez.
Examinado la totalidad del expediente ante nuestra consideración, confirmamos.
I
El 21 de mayo de 1992, la apelada presentó una demanda sobre deslinde ante el Tribunal de Primera Instancia, Sala Superior de Humacao, con el fin de aclarar los linderos del terreno de su propiedad que aparentaban estar confundidos como parte del terreno perteneciente al apelante. La acción de deslinde comprendía cinco (5) fincas contiguas, de cinco (5) cuerdas cada una, que colindaban en SUS puntos NORTE y OESTE con terrenos del apelante (constituidos por 11.30 cuerdas, sitas en el Barrio San Isidro, del término municipal de Culebra). La reclamación básica señalaba al apelante en posesión de una porción de terreno de aproximadamente doscientos diez metros (210 m) correspondientes a la apelada. - ,
El 6 de noviembre de 1992, el Ing. Víctor Marcano Reyes, perito del apelante, solicitó a la Secretaría Auxiliar del Area de Operaciones (Oficina de Agrimensores) del Departamento de Recursos Naturales (“Departamento”) se identificaran los puntos en controversia para establecer fuera de duda los límites de las propiedades. 
El Departamento emitió una carta con fecha del 30 de noviembre de 1992, en la que manifestaba la negativa de la petición por varios fundamentos, por lo que el Tribunal apelado le ordenó, el 7 de marzo de 1994, fijar los puntos solicitados. Posteriormente, el 6 de marzo de 1995, concedió un nuevo término al Departamento para la presentación del plano o informe correspondiente. 
El 3 de mayo de 1995, el apelante presentó una “Moción Solicitando Permiso para Enmendar Alegaciones y Reconvenir” en la que alegó como defensa afirmativa la prescripción extraordinaria sobre el predio de terreno en controversia. El Tribunal apelado acogió la solicitud de enmienda el 14 de junio de 1995.
El juicio en su fondo se celebró el 22 de abril de 1996 sin la comparecencia de la representación legal del Departamento. La correspondiente sentencia fue emitida el 17 de octubre de 1996.
Acogida la reclamación sobre deslinde, el apelante recurre ante este foro levantando como error: a) que no debió considerarse un plano levantado en el 1944 para establecer los lindes que fueron adjudicados; b) al no relevar al perito del apelante de presentar el plano o medidas de la finca del apelante, por habérsele asignado dicha encomienda al Departamento, y c) al imponerle gastos por temeridad. No le asiste la razón. Veamos.
II
Surge de la propia ley que todo propietario tiene el derecho de ejercer el deslinde de su finca, conforme *586 provee el artículo 319 del Código Civil de Puerto Rico, 31 L.P.R.A. sec. 1211: “[t]odo propietario tiene derecho a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes. ” El propósito de dicha acción consiste en determinar los linderos confundidos en heredades contiguas. Zalduondo v. Méndez, 74 D.P.R. 637, 641-642 (1953). La acción puede ejercitarse en cualquier tiempo y la sentencia dictada a tales efectos no constituye cosa juzgada entre las partes, pues la misma ni da ni quita derechos; de aquí que sea posible realizar la operación de deslinde, toda vez que surge una nueva causa para repetir la acción. Zayas v. Autoridad de Tierras, 73 D.P.R. 897, 900-901. Basta con probar que entre las dos heredades envueltas no hay una colindancia precisa para que la acción proceda. Zalduondo v. Méndez, supra, a la pág. 642.
La evidencia presentada durante el juicio en su fondo demostró, a satisfacción del tribunal sentenciador, la existencia de confusión en los derechos de una porción de terreno de 210 metros, que se encontraba en posesión de los apelantes. Así determinado, el Tribunal apelado actuó acertadamente al resolver la controversia planteada.
Como sabemos, en ausencia de circunstancias extraordinarias, o indicios de pasión, prejuicio, parcialidad o error manifiesto, las conclusiones de hechos del tribunal sentenciador merecen deferencia por parte de este Tribunal. Levy v. Autoridad de Edificios Públicos, _ D.P.R. _ (1994), 94 J.T.S. 32, Op. de 15 de marzo de 1994. Conforme a lo cual, un tribunal apelativo no ha de intervenir con la apreciación de la prueba que hace el juzgador al dirimir la credibilidad de los. testigos. En ausencia de los elementos antes señalados no hay razón para intervenir con la adjudicación de credibilidad y la evaluación de la prueba que tuvo ante su consideración el juzgador. Cf. Pueblo v. Pagán Ortiz, 130 D.P.R. 470 (1992).
Por un lado, el apelante presentó cuatro testigos y un perito. El apelante falló en demostrar que la adjudicación de credibilidad que impartiera el Tribunal de Primera Instancia, sobre los testigos presentados en su favor, haya sido claramente errónea o que atente contra una política pública particular, diseñada por estatuto. Oliveras v. Universal Insurance, _ D.P.R. _ (1996), 96 J.T.S. 145, Op. de 7 de nov. de 1996. Por lo que este Tribunal no encuentra razón para intervenir con la adjudicación de credibilidad y la evaluación de la prueba presentada ante dicho foro.
Respecto a las opiniones periciales, los tribunales no están obligados a seguirlas indefectiblemente. Están en libertad de adoptar su propio criterio en la evaluación de la prueba pericial, y hasta descartar la opinión del perito aunque resulte ser técnicamente correcta. Culebra Enterprises Corp. v. Estado Libre Asociado de P.R., _ D.P.R. _ (1997), 97 J.T.S. 128, Op. de 31 de octubre de 1997.
En autos, tanto el tribunal apelado como este foro apelativo han llegado al mismo resultado. No es del todo convincente la evaluación pericial del Ing. Víctor Marcano, perito de los apelantes. Señalar que “tomó medidas pero nunca hizo un plano de la finca”, cuando ha “ido [a dicha propiedad] en relación a eso [a la controversia sobre deslinde] como 50 veces”, no nos resulta razonable. 
El apelante alegó tener título legítimo de su propiedad, por lo que aduce la aplicabilidad del artículo 320 de nuestro Código Civil: “]e]l deslinde será en conformidad con los títulos de cada propietario”. 31 L.P.R.A. see. 1212. Sin embargo, dichos documentos nada aportaban en la determinación sobre el planteamiento del deslinde de la propiedad, toda vez que dichos documentos no contienen la descripción específica sobre los puntos que definen los lindes de la propiedad en cuestión. Por ello, los parámetros a regir en el caso ante nuestra consideración son los establecidos en el artículo 321, del referido cuerpo legal, 31 L.P.R.A. sec. 1213:

“Si los títulos no determinasen el límite o área perteneciente a cada propietario y la cuestión no pudiera resolverse por la posesión o por otro medio de prueba, la parte de terreno que resulte sobrante en el deslinde pertenecerá al Estado Libre Asociado de Puerto Rico. ”

*587 No le asiste la razón al apelante cuando alega que no debió considerarse un plano levantado en el año 1944 para establecer los puntos de la propiedad que favorecieron el planteamiento sobre el deslinde. Ello constituye, en adición al resto de la evidencia presentada por la apelada , otro medio de prueba al que alude la citada disposición de ley.
Ciertamente, el plano preparado por el Agrimensor Sr. Antonio Matías, en el año 1992, sostuvo la información contenida en el plano del Agrimensor Rodolfo Laugier, que data del año 1944. Información que fue corroborada, una vez más, en información vertida mediante foto vertical aérea del año 1974, propiedad del Departamento de Transportación y Obras Públicas. Distíngase, Zayas v. Autoridad de Tierras, 73 D.P.R. 897 (1952), (el deslinde se practicó de conformidad con los títulos de cada propietario).
De otro modo, el Tribunal de Primera Instancia concedió varios términos al apelante con el fin de que pudiera realizar la mensura correspondiente al terreno objeto del deslinde. Aún así, el perito del apelante dejó de realizar su tarea so pretexto de falta de tiempo y del incumplimiento de las órdenes del tribunal, emitidas al Departamento de Recursos Naturales, del 7 de marzo de 1994 y 6 de marzo de 1995. Tales órdenes no tuvieron el efecto de relevar al apelante de su obligación de presentar la prueba necesaria para refutar adecuadamente la prueba aportada por la apelada.
En adición, existe un factor contundente que limita la capacidad del apelante para reclamar, en estos momentos, el derecho a la acción sobre prescripción extintiva. Cualquier demanda en acción de deslinde constituye un impedimento para ejercitar conjuntamente una acción por prescripción o usucapión, Zalduondo v. Méndez, supra, por indebida acumulación de acciones ordinarias y extraordinarias. Bajo tales circunstancias, en la acción de deslinde no puede litigarse cuestión alguna de prescripción u usucapión. Tal cuestión debe reservarse para la acción ordinaria que luego pueda ejercitarse como resultado del deslinde. Razón por la cual en estos momentos no haremos algún otro pronunciamiento al respecto.
Generalmente, en el deslinde judicial, los gastos que ocasiona la ejecución del deslinde acordado debe sufragarlos enteramente la parte promovente de la acción. Zalduondo v. Méndez, supra, a la pág. 647. Sin embargo, cuando se condena en costas y honorarios a cualesquiera de las partes, la condena debe prevalecer, ya que dicha condena está válidamente fundamentada en nuestra ley. 32 L.P.R.A. Ap. III, R. 44.1. Dicha determinación es de la completa discreción del Tribunal de Primera Instancia y constituye una determinación que no habrá de revisar este foro en ausencia de abuso de discreción. Elba A.B. v. Universidad de Puerto Rico, 125 D.P.R. 294 (1990); Fernández v. San Juan Cement Co., Inc., 118 D.P.R. 713, 717 (1987). Aunque en la sentencia no se usa la palabra temeridad, es lógico suponer que la imposición de honorarios, en el caso que nos ocupa, fue debido a que se le consideró temerario. Conclusión implícita en la sentencia dictada. Font v. Pastrana, 13 D.P.R. 247 (1952).
Por los fundamentos antes expuestos, nos abstenemos de intervenir con la determinación del foro apelado y, en su defecto, procedemos a CONFIRMAR la sentencia apelada.
Lo pronunció y manda el Tribunal y lo certifica la Señora Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2000 DTA 2
1. Solicitud de Apelación, a la pág. 3.
*588 2. Ibid., Minuta, a la pág. 18 del apéndice.
3. El tribunal apelado indicó: “todos los testigos de los demandados hablaron de un camino que nunca estuvo en controversia durante este pleito y en nada aportaron a la controversia. ” Ibid., Sentencia, a la pág. 2 del apéndice.
4. Ibid., a la pág. 3 del apéndice.
5. Transcripción, a la pág. 99.
6. Durante su testimonio como perito de ocurrencia, y a preguntas de la representación legal de la apelada, el Ing. Víctor Marcano declaró:

“P. O sea, [ ] usted le dijo al señor Juez que usted no hizo una mensura, omitió esos solares de Peña porque usted citó a Recursos Naturales y no iban o no querían, y lo hizo por escrito.

R. Anjá.

P. Y lo cierto es que la finca de Peña no colinda con Recursos Naturales.

R. Cierto.”

7. A saber: cinco exhibits, un testigo (Sra. Carmen González Martínez) y un perito (Ingeniero Antonio Matías).
8. Transcripción, a las págs. 20-33.
9. Op. cit., a la nota de pie de pág. núm. 7.