ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| SUCESIÓN PABLO FABRICIANO CRUZ COLÓN Y OTROS<br><br>Apelantes<br><br>v.<br><br>ANA ZENAIDA MARCANO FLORES Y OTROS<br><br>Apelados | TA2026AP00028 | Recurso de *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de Comerio<br><br>Caso Núm.: CR2020CV00159<br><br>Sobre: Acción de Deslinde |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de marzo de 2026.

Comparece José Alberto Cruz Rivera ("señor Cruz Rivera")[1] y las Sucesiones de Pablo Fabriciano Cruz Colón y Alfonsa Colón Pérez (en conjunto, "Apelantes") mediante una *Apelación Civil* y nos solicitan la revocación de la *Sentencia* emitida el 10 de diciembre de 2025, notificada el día siguiente, por el Tribunal de Primera Instancia, Sala Superior de Comerio ("TPI"). Mediante el referido dictamen, el TPI desestimó la causa de acción presentada por la parte apelante, por no reunir los elementos necesarios para una acción reivindicatoria.

Por los fundamentos que expondremos a continuación, confirmamos la *Sentencia* apelada.

**-I-**

El 1 de octubre de 2020, los apelantes instaron una *Demanda* sobre acción de deslinde en contra de Santos Rivera Hernández y su esposa, Ana Zenaida Marcano Flores, así como la Sociedad Legal de Gananciales compuesta por ambos (en conjunto, "matrimonio Rivera-Marcano" o "Apelados"), entre otros. Reclamaron ser propietarios de la finca 4241, ubicada en el Bo. Río Hondo de

---

[1] *Véase*, Sistema Unificado de Manejo y Administración de Casos del TPI (SUMAC TPI), Entrada Núm. 195. El señor Alberto Cruz Fontánez falleció el 13 de marzo de 2023, por lo que fue sustituido en el pleito por su único hijo, José Alberto Cruz Rivera.

Comerío, según consta inscrita en el Registro de la Propiedad. Alegaron que, en el año 2004, el inmueble fue ilegalmente ocupado por el matrimonio Rivera-Marcano. Posteriormente, el 25 de enero de 2021, la demanda fue enmendada a los únicos efectos de incluir como demandados a la Sucesión de Santos Rivera Hernández.

Tras varias instancias procesales, los días 12, 13 y 23 de mayo de 2025 y el 24 de junio de 2025, se celebró el juicio en su fondo. Aquilatada la prueba documental y testifical, el 10 de diciembre de 2025, notificada el día siguiente, el TPI dictó una *Sentencia* en virtud de la cual desestimó la causa de acción instada por los apelantes. El foro de instancia realizó las siguientes determinaciones de hechos:

1. La parte demandada adquirió la Finca 4242 mediante la Escritura 38, otorgada en Barranquitas el 13 de diciembre de 2004 ante el Notario Hilda Esther Colón Rivera. Según Certificación Registral esta finca consiste en 44.572 cuerdas (Inscripción 15). Por su Inscripción 18, consta inscrita a favor de Santos Rivera Hernández y Ana Zenaida Marcano con pagaré de $90,000, $135,000 para indemnizar al acreedor hipotecario, $36,000 por mora, $18,000 para contribuciones y $9,000 para costas y gastos, sujeta a los reglamentos de la Administración de Hogares de Agricultores, leyes del Congreso de los Estados Unidos de América y Estado Libre Asociado de Puerto Rico e inscrita a favor de Estados Unidos de América actuando por conducto de Desarrollo Rural. La parte demandada también adquirió la finca 4247 mediante la Escritura Pública Núm. 194 ante Notario Jorge L. Mendín, de Francisco Santos Rodríguez y esposa. Esta finca tiene cabida de 14.8 cuerdas, y fue adquirida por $85,000.00. Los demandados constituyeron hipoteca a favor de Banco Popular de Puerto Rico.

2. Adquiridas las fincas antes mencionadas, la parte codemandada comenzó a construir una estructura para la crianza comercial de cerdos y una residencia, la cual es objeto del presente pleito. Posteriormente, la residencia se convirtió en su residencia principal.

3. La Parte codemandada obtuvo un préstamo hipotecario con Banco Popular para la finca 4247. Posteriormente, la parte codemandada Ana Zenaida Marcano Flores y Santos Rivera Hernández enfrentó problemas económicos y no pudieron seguir pagando la hipoteca de Banco Popular. Durante conversaciones con el codemandado Banco Popular surgió la existencia de un solape entre las fincas 4247 y 4242. Según se desprende del "encroachement".

4. La finca 4247 fue medida por el Ingeniero Agrimensor Ángel N. Colón Guzmán donde se midieron las 14.8037 cuerdas que surgen del Registro de la Propiedad. Conforme a lo testificado por este, la residencia objeto de controversia se encuentra en la finca 4242. De su testimonio surgió que él ha sido el ingeniero que ha medido las fincas alrededor de las fincas en controversia y conoce ampliamente el área. De su testimonio también se estableció que al haber establecido las colindancias de las fincas adyacentes a la finca 4247, pudo establecer correctamente sus colindancias y su medida, la cual coincide con la que surge de la certificación registral emitida por el Registro de la Propiedad.

5. Ciertamente de los testimonios peritos de las partes sugirieron diferencias significativas. Si emb[ar]go, tomando la totalidad de las circunstancias, en función de lo alegado en la demanda, el tribunal le da mayor peso al testimoni[o] del Agrimensor Ángel Noel Colón. Este testificó que de tomar en consideración el testimonio del Ingeniero Héctor Concepción Febus, se estaría entrando en varios "encroachment", que las fincas quedarían solapadas unas con otras tomando en consideración la finca 4242 y 4247 y otras al sur.

6. El agrimensor contratado por el Banco Popular Ingeniero Fournier midió la finca 4247, pero a diferencia del Ingeniero Colón, la finca midió 17.2456, lo que constituye una diferencia de 2.4419 cuerdas con la medición del Ingeniero Colón y la descripción que surge del Registro de la Propiedad.

7. La finca 4247 es segregación de la finca 4241. La segregación realizada a la finca 4241 para crear la finca 4247 fue de 14.8037 cuerdas.

8. La parte demandante no proporción[ó] documento alguno que pruebe que, en efecto, construyó la residencia. Tampoco tuvo testimonio de testigos que, a satisfacción del tribunal, indiquen que lo que alega es cierto. Además, la parte demandante no pudo establecer las verdaderas colindancias de las fincas involucradas en la presente acción.

9. Del informe y testimonio del perito del Tribunal Carlos Roberto Rodríguez, no se pudo concluir donde ubica la residencia construida por los esposos Rivera-Marcano. El Banco Popular de Puerto Rico notificó inicialmente se allanará a las determinaciones y conclusiones del perito nombrado por el Honorable Tribunal, Agrimensor Carlos Roberto Rodríguez, y su informe pericial. Pero luego de escuchar su testimonio, manifestó que el mismo no abonó a resolver de forma concluyente la controversia, a lo cual el tribunal estuvo en acuerdo.

10. Adquiridas las fincas antes mencionadas, la parte codemandada comenzó a construir la residencia objeto del presente pleito y la convirtió en su residencia principal. En esta residencia vivió el Sr. Santos Rivera hasta su fallecimiento y actualmente la Sra. Ana Marcano la vive con su nieto y pareja. La residencia que alega ser dueño la parte demandante fue construida en el 2004.[2]

Inconforme aún, el 9 de enero de 2026, la parte apelante recurrió ante nos, mediante *Apelación*, y señala la comisión de los siguientes errores:

Primer error: Erró el Honorable Tribunal de Primera Instancia al no resolver la real controversia de DESLINDE entre las Fincas 4241 y 4247 por razón de que procedía la ACCIÓN DE REINVINDICACIÓN, cuando el Honorable Tribunal Supremo dispone que "*los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas.*" (Noruega v. Hernández, 135 DPR 406 (1994)).

Segundo error: Cometió error el Honorable Tribunal de Primera Instancia al darle "MAYOR PESO" al testimonio del Agr. Noel Colón Guzmán, pero no se percató de que este perito con sus propios documentos alterados ilegalmente cambió la colindancia OESTE de la Finca 4241 hacia la Finca 4247 y también, igualmente cambió el nombre del propietario registral de la Finca 4241, propiedad de la Sucesión Pablo F. Cruz Colón (codemandado). (Anejo A, Informe Pericial) (entrada #267 Sumac)

---

[2] *Véase*, Apéndice del recurso, Entrada Núm. 297, págs. 2-4.

Tercer error: Incidió el Honorable Tribunal de Primera Instancia al establecer como un hecho que adquiridas las fincas, la parte codemandada comenzó a construir una porqueriza y una residencia que posteriormente se convirtió en su residencia principal. (Determinación de Hecho núm.2)

Cuarto error: Cometió error el Honorable Tribunal de Primera Instancia cuando del testimonio del Arg. Colón Guzmán admitió que la residencia objeto de esta controversia está la Finca 4242. (Determinación de Hecho núm. 4)

Quinto error: Cometió grave error de hecho el Honorable Tribunal de Primera Instancia cuando le admitió al Ing. Colón que de tomar en consideración el testimonio del Ing. Concepción estaría entrando en varios "encroachment" que las Fincas 4242 y 4247 quedarían solapadas. (Determinación de Hecho núm. 5)

Sexto error: Cometió error el Honorable Tribunal de Primera Instancia cuando sin fundamento alguno dispuso que el demandante no pudo establecer las verdaderas colindancias de las fincas involucradas. (Determinación de Hecho núm. 8)

Séptimo error: Cometió error el Honorable Tribunal de Primera Instancia cuando no le permitió al perito del Tribunal continuar explicando por qué su plano ESTE de la Finca 4247 consiste en dos grandes alineaciones, una de NORTE a ESTE y otra de ESTE a SUR, cuando el Registro de la Propiedad Expresa que consiste de una sola, la cual discurre de NORTE a SUR coincidiendo esta con la colindancia OESTE de la Finca 4241, propiedad de la parte demandante, Pablo F. Cruz Colón.

El 16 de enero de 2026, emitimos una *Resolución* en la que otorgamos a la parte apelante un término de diez (10) para tramitar la regrabación de los procedimientos celebrados ante el TPI y otro término de treinta (30) días para presentar la transcripción de la prueba oral debidamente estipulada. A su vez, le concedimos un término de veinte (20) días a la parte apelada para presentar su alegato en oposición, una vez se presente alegato suplementario o venciera el término para ello. Transcurrido el término otorgado, sin la comparecencia de la parte apelada, procedemos a resolver.

## II.

### A.

Entre las acciones protectoras del dominio figuran la acción reivindicatoria y la acción de deslinde. Mediante la acción reivindicatoria, el propietario reclama su cosa de quien la tenga o posea. De conformidad con el Art. 280 del derogado Código Civil de 1930, aplicable a los hechos del presente caso, se establece que:

La propiedad es el derecho por virtud del cual una cosa pertenece en particular a una persona con exclusión de cualquiera otra.

La propiedad concede el derecho de gozar y disponer de gozar y disponer de las cosas sin más limitaciones que las establecidas en las leyes.

El propietario tiene acción contra el tenedor y el poseedor de la cosa para reivindicarla. 31 LPRA ant. sec. 1111

Para ello, el propietario debe: (1) identificar adecuadamente el objeto; (2) probar que es suyo; y (3) demostrar que está, indebidamente, en posesión del demandado. *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 157 (2006).

Distinto a la acción reivindicatoria, la acción de deslinde tiene el propósito de determinar los linderos confundidos entre dos heredades contiguas. *Zalduondo v. Méndez*, 74 DPR 637, 641-642 (1953). El Art. 319 del Código Civil de 1930, 31 LPRA ant. sec. 1211, dispone que "[t]odo propietario tiene derecho a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes". Dicha acción está disponible a todos los propietarios cuyas propiedades limítrofes tienen confundidos sus linderos por causas naturales, accidentes fortuitos o actos voluntarios de tercero. *Arce v. Díaz*, 77 DPR 624, 628 (1954).

Nuestra jurisprudencia ha establecido que en el deslinde no se demanda una cosa cierta y determinada que como propietarios les pertenece, sino que, precisamente por la indeterminación de la propiedad debido a la confusión con la propiedad colindante, se reclama la fijación de señales que la deslinden para cesar la confusión. *Zalduondo v. Méndez, supra*, págs. 641–642. Para ello, "el promovente no tiene que justificar que le falta terreno y que éste se encuentra localizado precisamente en la finca de los demandados, porque este tipo de cuestiones se dirimen en un pleito ordinario de reivindicación". *Zalduondo v. Méndez, supra*, pág. 645.

Para que proceda la acción de deslinde, el promovente deberá hacer constar en la demanda: (1) la descripción de la propiedad; (2) el interés que la parte reclame tener en ella; (3) el nombre de la persona en posesión de la propiedad; (4) la razón por la cual se solicita se haga el deslinde; y (5) requerimiento hecho a la otra parte y negativa de ésta. *Zalduondo v. Méndez, supra*, pág. 641.

Finalmente, el derecho a solicitar el deslinde es uno imprescriptible. Art. 1865 del Código Civil de 1930, 31 LPRA ant. sec. 5295. El hecho de haberse practicado o intentado una acción de deslinde no impide que se vuelva a hacer, si existen nuevas causas que lo justifiquen. *Ramírez Quiñones v. Soto Padilla, supra*, pág. 158.

**B.**

Como es sabido, la apreciación de la prueba que realiza el foro primario en el ejercicio de su sana discreción está revestido de confiabilidad y merece nuestro respeto y deferencia. *Argüello v. Argüello,* 155 DPR 62, 79 (2001) (citando a *Pueblo v. Bonilla Romero,* 120 DPR 92, 111 (1987)). En vista de lo anterior, la valoración que lleva a cabo el foro primario se presume correcta, toda vez que es éste quien tiene la oportunidad de ver, escuchar y valorar las declaraciones de los testigos, así como sus lenguajes no verbales. *Pueblo v. Santiago et al.*, 176 DPR 133, 148 (2009); *Pueblo v. Acevedo Estrada*, 150 DPR 84, 99 (2000). Al respecto, nuestro más Alto Foro ha expresado lo siguiente:

> [...] no sólo habla la voz viva. También hablan las expresiones mímicas: el color de las mejillas, los ojos, el temblor o consistencia de la voz, los movimientos, el vocabulario no habitual del testigo, son otras tantas circunstancias que deben acompañar el conjunto de una declaración testifical y sin embargo, todos estos elementos se pierden en la letra muda de las actas, por lo que se priva al Juez de otras tantas circunstancias que han de valer incluso más que el texto de la declaración misma para el juicio valorativo que ha de emitir en el momento de fallar; le faltará el instrumento más útil para la investigación de la verdad: la observación. *Pueblo v. Toro Martínez,* 200 DPR 834, 857 (2018) (citando a *Ortiz v. Cruz Pabón,* 103 DPR 939, 947 (1995)).

A esos efectos, el Tribunal Supremo de Puerto Rico ha resuelto que **un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto**. *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994) (Énfasis suplido).

En consecuencia, este Tribunal Apelativo no debe intervenir con las determinaciones de hechos, con la apreciación de la prueba ni con la adjudicación de credibilidad efectuadas por el mismo, excepto en aquellas situaciones en que se demuestre que este último: (1) actuó con prejuicio o

parcialidad; (2) incurrió en un craso abuso de discreción, o; (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Irizarry*, 156 DPR 780, 789 (2002); *Pueblo v. Maisonave Rodríguez*, 129 DPR 49, 62-63 (1991). De igual forma, se podrá intervenir con la determinación del TPI cuando la referida valoración se aparte de la realidad fáctica o resulte inherentemente imposible o increíble. *Pueblo v. Martínez Landrón*, 202 DPR 409, 424 (2019) (citando a *Pueblo v. Maisonave Rodríguez, supra,* pág. 63). En esta línea, la facultad de los tribunales apelativos para sustituir el criterio de los tribunales de instancia se reduce a aquellos "escenarios en que, de la prueba admitida, no exista base suficiente que apoye su determinación". *Gómez Márquez et al. v. El Oriental*, 203 DPR 783, 794 (2020).

## III.

En el recurso presente, la parte apelante nos solicita que, revoquemos la Sentencia del TPI mediante la cual desestimó la Demanda sobre deslinde presentada por éste. En esencia, la parte apelante sostuvo que incidió el foro *a quo* al no resolver la controversia de deslinde entre las fincas 4241 y 4247. Asimismo, indicó que el TPI incurrió en errores al otorgar credibilidad al testimonio pericial del señor Colón Guzman, así como en la determinación de ciertos hechos. No le asiste la razón. Veamos.

Como relacionamos previamente, la parte apelante alegó en la Demanda que el matrimonio Rivera-Marcano se negó a mostrarle las escrituras y los planos de las fincas donde éstos alegan que está ubicado el bien inmueble en cuestión. Adujo que dicha propiedad está localizada en su terreno, es decir, en la finca 4241. Por ello, manifestó que tiene derecho a recobrar la posesión de la aludida residencia.

Luego de celebrado el juicio, el Tribunal de Primera Instancia emitió una Sentencia en la que concluyó que lo reclamado por la parte apelante corresponde a una acción reivindicatoria y no una acción de deslinde. Tómese en cuenta que, el 6 de diciembre de 2023, el foro primario realizó una inspección ocular de las fincas objeto del caso de epígrafe y posteriormente recibió prueba testifical de

tres peritos distintos.[3] En este sentido, el foro primario otorgó mayor peso al testimonio del Agrimensor Ángel Noel Colón. Éste último testificó que el bien inmueble en cuestión no está ubicado en la finca de la parte apelante, sino en la finca 4242.[4] Además, explicó que la medida de la finca 4247 coincide con su descripción registral,[5] por lo que no hay controversia de deslinde. Por otro lado, es evidente que la parte apelante no logró identificar adecuadamente el objeto, probar que es suyo, y demostrar que está indebidamente en posesión de la parte apelada. *Ramírez Quiñones v. Soto Padilla, supra*, pág. 157. En cambio, se limitó a manifestar que la parte apelada carece de título de propiedad sobre el bien inmueble en cuestión.[6]

Ahora bien, es sabido que como tribunal revisor no debemos reemplazar nuestro criterio por el del foro primario, salvo en los casos en que se presenten circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto. *Coop. Seguros Múltiples de P.R. v. Lugo, supra*, pág. 208. Así, concluimos que, a la luz de la prueba admitida, existe base suficiente que apoye la determinación del foro primario. *Gómez Márquez et al. v. El Oriental, supra*, pág. 794. De manera que, colegimos que el Tribunal de Primera Instancia correctamente decidió que la parte apelante no cumplió con los requisitos de la acción reivindicatoria. Siendo ello así, procede confirmar el dictamen apelado.

**IV.**

Por los fundamentos que anteceden, los cuales hacemos formar parte integral del presente dictamen, se *confirma* la *Sentencia* apelada.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] *Véase*, Apéndice del recurso, Entrada Núm. 206.

[4] *Véase*, Alegato Suplementario, Entrada Núm. 5; Transcripción de la prueba oral del 24 de junio de 2025 a las págs. 68-69; 89-90; 97.

[5] *Véase*, Alegato Suplementario, Entrada Núm. 5; Transcripción de la prueba oral del 24 de junio de 2025 a la pág. 65; líneas 2-11.

[6] *Véase*, Alegato Suplementario, Entrada Núm. 5; Transcripción de la prueba oral del 12 de mayo de 2025 a la pág. 64, línea 18; pág. 214; líneas 22-24.