ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| WIGBERTO RIVERA NIEVES<br><br>Apelante<br><br>v.<br><br>ELISA RIVERA QUIÑONES<br><br>Apelada | **KLAN202301131** | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Utuado<br><br>Civil Núm. LAC2018-0008<br><br>Sobre:<br>Acción Reivindicatoria y Acción de Deslinde, Daños y Perjuicios |
|---|---|---|

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio, y el Juez Ronda Del Toro[1].

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico, a 30 de octubre de 2024.

Comparece ante este foro, Wigberto Rivera Nieves y su esposa, Alida Raquel Feliciano Alicea y la Sociedad Legal de Gananciales compuesta por ambos (en conjunto el señor Rivera o "apelante") mediante recurso de apelación presentado el 18 de diciembre de 2023. Nos solicitan que revisemos una *Sentencia Parcial Enmendada* emitida por el Tribunal de Primera Instancia, Sala Superior de Utuado, el 15 de noviembre de 2023 y notificada el 17 de noviembre de 2023. Mediante el referido dictamen, el foro primario desestimó la *Demanda* por la vía sumaria e impuso honorarios de abogado a los apelantes.

Por los fundamentos que expondremos a continuación, **CONFIRMAMOS** el dictamen recurrido.

---

[1] En virtud de la Orden Administrativa OATA-2023-188, se designa al Hon. Eric R. Ronda Del Toro.

**I.**

Entre los años de 1934 al 1945, el matrimonio compuesto por Juan Justino Feliciano Rivera (señor Feliciano Rivera) y María Hortensia Ramos Lugo (señora Ramos Lugo) adquirieron varias fincas en el Barrio Saltillo, Sitio Vacas de Adjuntas.[2] No obstante, la señora Ramos Lugo falleció el 1 de junio de 1954, por lo cual sus herederos obtuvieron su participación sobre las fincas.[3] El 3 de mayo de 1974, el señor Feliciano Rivera otorgó la Escritura Núm. 44 sobre compraventa.[4] En dicha compraventa, vendió el 50% de su participación sobre las fincas en el Barrio Saltillo a sus hijos.

Estas fincas fueron segregadas extrajudicialmente en parcelas que colindaban con un camino vecinal que daban acceso a los terrenos.[5] Para el 1980, la Sucesión Ramos Lugo y los hermanos Feliciano Ramos realizaron un sorteo para adjudicar las parcelas.[6] En lo pertinente, la parcela 4 se adjudicó a Juan Afortunado Feliciano Ramos (señor Juan Feliciano), casado con Elisa Rivera Quiñones, quienes tomaron posesión de esta. Por otro lado, la parcela 7 se asignó a los herederos de María Aurora Feliciano Ramos y Raymond Torres Maldonado.

El 18 de diciembre de 2003, la Sucesión Feliciano Ramos sometió un Plano de Inscripción ante la Administración de Reglamentos y Permisos (ARPe) para la segregación de las parcelas 1,2,3,4,5,6,7,8 y 9.[7] El 7 de octubre de 2004, ARPe autorizó la segregación e inscripción de las parcelas 1,2,3 y 4.[8] El 11 de octubre

---

[2] Véase Apéndice X del recurso de Apelación, págs. 519-521.
[3] Véase Apéndice X del recurso de Apelación, págs. 304-309.
[4] Véase Apéndice X del recurso de Apelación, págs. 517-525.
[5] Véase Apéndice X del recurso de Apelación, págs. 535-537 y 566.
[6] Véase Apéndice X del recurso de Apelación, pág. 535.
[7] Véase Apéndice X del recurso de Apelación, págs. 320-321 y 368.
[8] Véase Apéndice X del recurso de Apelación, págs. 368-370.

de 2004, ARPe autorizó la segregación e inscripción de las parcelas 5,6,7,8 y 9.[9] En ambas ocasiones ARPe hizo constar el camino municipal que le da acceso a los terrenos. El 16 de abril de 2005, la Sucesión Feliciano Ramos otorgó la Escritura Núm. 7 sobre rectificación de cabida, segregación, liquidación y adjudicación.[10] La Escritura Núm. 7 segregó e indicó de cuál finca se origina cada parcela, su cabida y sus colindancias. Cabe señalar que la escritura expresa que las parcelas colindan con un camino.

El 26 de agosto de 2015, los apelantes adquirieron dominio sobre la parcela 7 mediante la Escritura Núm. 12 sobre compraventa.[11] Después de adquirir la propiedad, el señor Rivera contrató a un agrimensor para que realizara una mensura de la parcela 7. El agrimensor determinó que existían discrepancias en las colindancias que aparecen en el Plano de Inscripción.[12] Indicó que 206.1714 metros cuadrados de la parcela 7 habían sido invadido por el lado noroeste. Además, indicó que el camino municipal invadió 377.4979 metros cuadrados y 8.8180 metros cuadrados en el lado noroeste.[13]

Ante estos hechos, el apelante presentó la *Demanda* de epígrafe en contra de Elisa Rivera Quiñones, Leonel Gerardo Feliciano Rivera e Ivelisse Feliciano Rivera (en conjunto, señora Rivera Quiñones o "la apelada") y en contra de Jaime H. Barlucea Maldonado,[14] Alcalde de Adjuntas ("Municipio"), el 26 de marzo de 2018.[15] El

---

[9] Véase Apéndice II del recurso de Apelación, págs. 75-77.
[10] Véase Apéndice II del recurso de Apelación, págs. 78-94.
[11] Véase Apéndice II del recurso de Apelación, págs. 96-99.
[12] Véase Apéndice II del recurso de Apelación, pág. 101.
[13] Véase Apéndice II del recurso de Apelación, pág. 101.
[14] El Sr. Barlucea Maldonado fue demandado en su carácter oficial como alcalde del Municipio de Adjuntas.
[15] Véase Apéndice II del recurso de Apelación, págs. 66-109.

apelante alegó que la apelada ocupó la entrada a la parcela 7 desde el 2006, lo cual compone un área de 206.1714 metros cuadrados y que construyó una estructura con fines residenciales sin su autorización. Arguyó que la apelada tenía conocimiento de este hecho dado que la Escritura Núm. 7 otorgada el 16 de abril de 2005, constaba la división y adjudicación de las parcelas.

Por otra parte, alegó que el Municipio construyó un camino municipal en la entrada de la parcela 7 sin su autorización. Que este acto alteró el área por 377.4979 metros cuadrados y 8.8180 metros cuadrados en el lado noroeste. Por ello, el señor Rivera solicitó al foro primario la reivindicación del terreno ocupado, el deslinde de la parcela, daños y que prohibiera a la apelada de interferir con su posesión.

El 7 de junio de 2018, el Municipio presentó su *Contestación a Demanda*.[16] El Municipio indicó que las alegaciones realizadas por el apelante eran erradas. Alegó que no construyeron un camino, sino que solo proveyeron un servicio de asfalto a un camino ya establecido. Por otra parte, esbozó que no se cumplieron con los requisitos necesarios para legalizar la segregación.

El 21 de septiembre de 2018, la señora Rivera Quiñones presentó su *Moción de Desestimación Por Falta de Parte Indispensable* sin someterse a la jurisdicción del Tribunal.[17] Alegó que existen otros herederos y comuneros que tienen participación en el inmueble de interés que no han sido traído al pleito. Por lo que, de no traerse al pleito se verían afectados sus derechos.

---

[16] Véase Apéndice 1 del Alegato del Municipio, págs. 1-4.
[17] Véase Apéndice XII del recurso de Apelación, págs. 730-737.

Así pues, solicitó que se desestimara la *Demanda* por falta de partes indispensables.

El 9 de noviembre de 2018, el Tribunal de Primera Instancia emitió una *Resolución* en el cual declaró *No Ha Lugar* a la *Moción de Desestimación por Falta de Parte Indispensable* presentada por la apelada.[18]

El 14 de enero de 2019, la señora Rivera Quiñones presentó su *Contestación Preliminar a Demanda y Reconvención*.[19] En su contestación negó que estuviera ocupando la entrada de la parcela 7. Alegó que el apelante tenía conocimiento sobre los linderos de las parcelas y el camino vecinal antes de adquirir la parcela 7. Reiteró que faltaban partes indispensables en el pleito y que había ocupado la parcela 4 por más de 30 años. A la par con su contestación, la apelada presentó una reconvención. En dicha reconvención, alegó que las actuaciones del apelante le habían causado daños y perjuicios.

El 1 de febrero de 2019, el señor rivera presentó su *Contestación a Reconvención Preliminar*.[20] Arguyó que tenía mejor título que la apelada. Mas aún, que los reclamos sobre daños y perjuicios eran improcedentes y exagerados.

El 16 de marzo de 2022, el Municipio presentó una *Moción Solicitando se dicte Sentencia Sumaria*.[21] En esta, realizó una síntesis de las alegaciones de las partes y proveyó un listado de hechos que alega incontrovertidos. Además, indicó las razones por el

---

[18] Véase Apéndice V del recurso de Apelación, págs. 126-127.
[19] Véase Apéndice IV del recurso de Apelación, págs. 114-125.
[20] Véase Apéndice III del recurso de Apelación, págs. 110-113.
[21] Véase Apéndice 2 del Alegato del Municipio, págs. 5-47.

cual el foro primario debía dictar sentencia sumaria a su favor.

El 15 de agosto de 2022, el foro primario emitió una *Resolución Enmendada* en el cual declaró *No Ha Lugar* a la moción presentada por el Municipio solicitando sentencia sumaria.[22] El Tribunal determinó que existían discrepancias entre las declaraciones juradas y la prueba documental. Por lo cual, no se podía resolver el pleito por la vía sumaria. Además, determinó que el apelante estaba exento de notificar al Municipio en los términos establecidos por ley. A su vez, les informó a las partes sobre la prueba requerida para resolver las controversias existentes.

El 15 de diciembre de 2022, el Tribunal de Apelaciones emitió una *Resolución* en el cual denegó la expedición del auto de *certiorari* solicitada por el Municipio.[23] En dicho recurso, el apelado Municipal solicitó la revisión de la *Resolución Enmendada* emitida el 15 de agosto de 2022, por el foro primario.

El 23 de diciembre de 2022, la apelada presentó la *Moción al Amparo de la Regla 36 de Procedimiento Civil*,[24] debidamente apoyada por prueba documental. En la misma, alegó que no existía una controversia genuina en el caso de autos, que la demanda carecía de mérito y que había sido realizada con mala fe. Por lo cual, solicitó al foro primario que dictara *Sentencia Sumaria* desestimando la causa de acción.

El 9 de febrero de 2023, el apelante presentó su *Oposición a la Moción al Amparo de la Regla 36 de Procedimiento Civil por Incumplimiento de la Parte*

---

[22] Véase Apéndice VI del recurso de Apelación, págs. 128-137.
[23] Véase Apéndice VII del recurso de Apelación, págs. 138-144.
[24] Véase Apéndice X del recurso de Apelación, págs. 155-629.

*Demandada con la Regla 36.3 de Procedimiento Civil.*[25] Alegó que la apelada incumplió con la Regla 36 de Procedimiento Civil por no hacer una exposición breve de las alegaciones. Indicó que las alegaciones de la señora Rivera Quiñones no coincidían con lo inscrito en el Registro de la Propiedad. Además, que existían controversias de hechos según dictado por el Tribunal en su *Resolución Enmendada* emitida el 15 de agosto de 2022. De igual forma, alegó que las declaraciones juradas presentadas por la apelada eran inadmisibles en evidencia por ser prueba de referencia.

El 9 de marzo de 2023, la señora Rivera Quiñones presentó su *Réplica a "Oposición a Moción al amparo de la Regla 36 de Procedimiento Civil por incumplimiento (sic) de la Parte Demandada con la Regla 36.3 de Procedimiento Civil*.[26] Arguyó que el señor Rivera no refutó la prueba según lo requiere la Regla 36 de Procedimiento Civil. A su vez, indicó que el apelante no demostró la existencia de una controversia genuina, por lo que, no existe una causa de acción contra la apelada y de existir, estaría prescrita.

El 3 de abril de 2023, el apelante presentó su *Oposición a Réplica a Opisicion* [sic] *a Moción al amparo de la Regla 36 de Procedimiento Civil por incumplimiento (sic) de la Parte Demandada con la Regla 36.3 de Procedimiento Civil*.[27] En su oposición, alegó que la apelada repitió lo que ya había expresado en su moción de sentencia sumaria. Por ello, reafirmó su oposición a la moción de sentencia sumaria. Por lo cual, solicitó al foro primario que declarara No Ha Lugar a la moción

---

[25] Véase Apéndice XI del recurso de Apelación, págs. 630-656.
[26] Véase Apéndice XII del recurso de Apelación, págs. 657-708
[27] Véase Apéndice XIII del recurso de Apelación, págs. 738-740.

de sentencia sumaría por no cumplir con los requisitos de la Regla 36.3 de Procedimiento Civil.

El 23 de agosto de 2023, el Tribunal de Primera Instancia emitió una *Sentencia Parcial* en el cual declaró *Ha Lugar* la *Moción al amparo de la Regla 36 de Procedimiento Civil* presentado por la apelada.[28] Además, desestimó la demanda en contra del Municipio y determinó que el apelante actuó temerariamente. En consecuencia, el Tribunal le impuso el pago de honorarios por una cantidad total de seis mil dólares ($6,000.00) al señor Rivera.

El 11 de septiembre de 2023, el apelante presentó la *Moción en solicitud de Reconsideración y solicitud de Determinaciones de Hechos Adicionales* para revisar la *Sentencia Parcial*.[29] Alegó que algunos hechos determinados como incontrovertidos por el foro primario en su *Sentencia Parcial* son sobre credibilidad y argumentó en contra de ellos. Además, realizó varias solicitudes al Tribunal.

El 17 de octubre de 2023, la apelada presentó su *Breve Réplica a "Moción en solicitud de Reconsideración y solicitud de Determinaciones de Hechos Adicionales" de la Parte Demandante*. Alegó que el apelante no cumplió con lo exigido por la Regla 36.3 de Procedimiento Civil en su oposición a la moción de sentencia sumaria por basarse exclusivamente en las aseveraciones de su *Demanda*. Arguyó que la moción presentada bajo la Regla 43.1 de Procedimiento Civil es una proforma con la intención de extender el término jurisdiccional para

---

[28] Véase Apéndice XIV del recurso de Apelación, págs. 741-804.
[29] Véase Apéndice XV del recurso de Apelación, págs. 805-1039.

apelar. Por lo cual, solicitó al foro primario que declarara "Sin Lugar" la moción de reconsideración.[30]

Después de varios tramites procesales, el 15 de noviembre de 2023, el foro primario emitió su *Resolución* sobre la solicitud de reconsideración presentada por el apelante. En su dictamen, revisó su *Sentencia Parcial* emitida el 23 de agosto de 2023 para enmendar la determinación de hecho número 81. No obstante, declaró *No Ha Lugar* el resto de la solicitud.[31]

Inconforme, el 18 de diciembre de 2023, el apelante acudió ante este foro revisor mediante el recurso que nos ocupa e hizo los siguientes señalamientos de error:

> **PRIMER ERROR:** Erró el Tribunal de Primera Instancia al dictar sumariamente la *Sentencia Parcial Enmendada* en incumplimiento con la Regla 36.3 de Procedimiento Civil cuando claramente existía controversia de hechos materiales y de credibilidad y sin haber considerado la totalidad de la prueba y el informe pericial de la parte demandante.

> **SEGUNDO ERROR:** Erró el Tribunal de Primera Instancia al dictar *Sentencia Parcial Enmendada* en la cual desestimó la demanda, determinó que hubo usucapión y que se constituyó un signo aparente sobre el camino vecinal determinado y por lo que es contrario a la aprobación del Plano de Lotificación e Inscripción de la Administración de Reglamentos y Permisos (ARPE).

> **TERCER ERROR:** Erró el Honorable Tribunal al dictar *Sentencia Parcial Enmendada* y determinar cómo hecho incontrovertido los hechos números 57,81,82 y 83 cuando existen controversias de índole material que impide que se dicte Sentencia Sumaria Parcial sobre los mismos conforme a la Regla 36 de Procedimiento Civil.

> **CUARTO ERROR:** Erró el Tribunal de Primera Instancia al dictar *Sentencia Parcial Enmendada* y determinar que hubo usucapión cuando los propios heredero de la finca 2019 y 4711 voluntariamente y por acuerdo mutuo sometieron planos de lotificación y

---

[30] Véase Apéndice XVI del recurso de Apelación, págs. 1040-1076.
[31] Véase Apéndice XIX del recurso de Apelación, págs. 1103-1104.

segregación [a] la Administración de Reglamentos y Permisos (ARPE) en la que segregaron un lote de cada finca para ser dedicado a uso público que se modificó el camino existente al ser mesurada dichas fincas y luego de ser segregadas las mismas no arrojaron exceso de cabida.

**QUINTO ERROR:** Erró el Tribunal de Primera Instancia al desestimar la causa de acción contra el Municipio de Adjuntas por determinar que de la prueba ofrecida en declaraciones juradas brindan prueba que resultan en la desestimación de la causa de acción en contra del Municipio de Adjuntas lo que viola el debido proceso de ley conforme a lo resuelto en la Resolución Enmendada del 15 de agosto de 2023 que declaró No Ha Lugar la desestimación del Municipio de Adjuntas.

**SEXTO ERROR:** Erró el Tribunal de Primera Instancia al dictar *Sentencia Parcial Enmendada* y determinar que la parte demandante fue temeraria al presentar acción de reinvidación [*sic]* y deslinde y de daños y perjuicios cuando la parte demandante tiene argumentos para rebatir lo que sostiene la parte demandada.

Con el beneficio de los escritos de las partes, procedemos a resolver.

## II.

### A. Sentencia Sumaria

La sentencia sumaria es el mecanismo por el cual se dispone de un pleito sin la celebración de un juicio a su fondo cuando no existen hechos materiales en controversia. *Rivera Matos et al. v. Triple-S et al*, 204 DPR 1010, 1024 (2020). El máximo foro ha definido un hecho material como "aquel que, de acuerdo con el derecho aplicable, puede alterar la forma en que se resuelve un caso". *Zambrana García v. ELA et al.,* 204 DPR 328, 341 (2020).

La Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, atiende todo lo relacionado a este mecanismo procesal. En lo pertinente, una parte que solicite resolver una acción por vía sumaria debe

"presentar una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación". 32 LPRA Ap. V, R. 36.2. Es decir, el promovente debe demostrar por preponderancia de la prueba que no existe un hecho material en controversia. *Aponte Valentín et al. v. Pfizer Pharm*, 208 DPR 263, 277 (2021).

Una vez demostrado preponderantemente la ausencia de controversias sobre hechos pertinentes, la parte promovida tiene que contestar la solicitud del mismo modo. *Jusino et als. v. Walgreens*, 155 DPR 560, 577 (2001). En otras palabras, ofrecer prueba admisible para derrotar la moción y no puede descansar meramente en sus alegaciones. *Id*. Al momento de evaluar si existen controversias de hechos materiales, el Tribunal "debe analizar los documentos que acompañan la solicitud de sentencia sumaria y los documentos incluidos con la moción de oposición, así como los que obren en el expediente del tribunal". *Ramos Pérez v. Univisión*, 178 DPR 200, 216 (2010).

Es norma reiterada que al momento de revisar solicitudes de sentencias sumarias "los tribunales revisores se encuentran en la misma posición que el Tribunal de Primera Instancia". *Rivera Matos et al. v. Triple-S et al*, *supra*, pág. 1025. Sin embargo, el tribunal revisor está limitado en que solo puede evaluar los documentos presentados en el foro primario, determinar si existe o no controversias de hecho

material y la aplicación del derecho. *Vera v. Dr. Bravo*, 161 DPR 308, 335 (2004).

## B. Acción Reivindicatoria y Deslinde

En la acción reivindicatoria un propietario reclama su propiedad de quien la tenga en su posesión. Art. 280 del Código Civil de Puerto Rico de 1930 derogado, 31 LPRA § 1111. Esta acción exige que el reclamante identifique el objeto que reclama, pruebe su título y pruebe que se encuentra "indebidamente" en posesión de la parte reclamada. *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 157 (2006).

Referente a la identificación del objeto, el propietario debe definir "con precisión la situación, cabida y linderos del inmueble a reivindicarse, y demostrarse durante el juicio que el predio reclamado es aquel a que se refieren los documentos, títulos y demás medios de prueba en que el actor funde su pretensión". *Pérez Cruz v. Fernández*, 101 DPR 365, 374 (1973). Mas aún, debe demostrar su título con prueba y no meramente descansar en los defectos que posea el título de la otra parte. *Ramírez Quiñones v. Soto Padilla*, *supra*, pág. 157.

La acción de deslinde se utiliza cuando hay confusión sobre los linderos de propiedad contiguas. *Arce v. Díaz*, 77 DPR 624, 627-628 (1954). El Art. 319 del Código Civil, *supra*, dispone que "todo propietario tiene derecho a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes". 31 LPRA § 1211. Es meritorio mencionar que esta acción no adjudica derecho. *Zalduondo v. Méndez*, 74 DPR 637, 644 (1953). Su propósito es "individualizar los inmuebles,

sin determinar directamente quién es su dueño". *Ramírez Quiñones v. Soto Padilla*, *supra*, pág. 159.

### C. Usucapión o Adquisición Prescriptiva

La usucapión es el medio por el cual se adquiere el dominio y los derechos reales a través de la prescripción. Art. 1830 del Código Civil, 31 LPRA § 5241. Para que resulte efecto la adquisición prescriptiva es necesario que el bien sea poseído de forma civil. *Sucn. Maldonado v. Sucn. Maldonado*, 166 DPR 154, 182 (2005). La posesión civil es aquella posesión acompañada con la intención de hacer suya la cosa. Art. 360 del Código Civil, 31 LPRA § 1421.

La usucapión puede ser por la vía ordinaria o extraordinaria. *Adm. Terrenos v. SLG Rivera-Morales*, 187 DPR 15, 27 (2012). No obstante, ambas modalidades "requieren que exista una posesión ininterrumpida, pública, pacífica y en concepto de dueño por el término fijado en la ley". *Bravman, González v. Consejo Titulares*, 183 DPR 827, 838 (2011). La usucapión ordinaria de bienes inmuebles requiere que el poseedor tenga buena fe y justo título por un periodo de 10 años presentes. Art.1857 del Código Civil, 31 LPRA §5278. El Art. 1850 del Código Civil, *supra*, define la buena fe como "la creencia de que la persona de quien recibió la cosa era dueña de ella, y podía transmitir su dominio". 31 LPRA § 5271. La prescripción extraordinaria no requiere justo título ni buena fe, solo que se posea el bien inmueble por un periodo de treinta años sin interrupción. Art. 1859 del Código Civil, 31 LPRA § 5280. En lo pertinente, quien posea el bien, puede unir su tiempo de posesión con el de su causante para los

efectos de la prescripción. Art. 1860 del Código Civil, 31 LPRA § 1860.

### D. Servidumbre de Paso

El Art. 465 del Código Civil, *supra*, define la servidumbre como "un gravamen impuesto sobre un inmueble en beneficio de otro perteneciente a distinto dueño". 31 LPRA § 1631. La beneficiada se denomina predio dominante mientras la gravada como predio sirviente. *Id.* Estas pueden ser aparentes o no aparentes. Art. 468 del Código Civil, 31 LPRA § 1634. Respecto a las servidumbres de paso, el foro máximo ha expresado que por su naturaleza discontinua solo se adquiere por virtud de título. *Soc. de Gananciales v. Mun. De Aguada*, 144 DPR 114, 124 (1997); Art. 475 del Código Civil, 31 LPRA § 1653. No obstante, por excepción la servidumbre de paso puede existir si contiene un signo aparente. *Soc. Gananciales v. Srio. de Justicia*, 137 DPR 70, 78 (1994). En lo pertinente, el Art. 477 del Código Civil, *supra*, dispone:

> La existencia de un signo aparente de servidumbre entre dos fincas establecido por el propietario de ambas se considerará, si se enajenare una, como título para que la servidumbre continúe activa y pasivamente, a no ser que, al tiempo de separarse la propiedad de las dos fincas, se exprese lo contrario en el título de enajenación de cualquiera de ellas, o se haga desaparecer aquel signo antes del otorgamiento de la escritura. 31 LPRA § 1655.

### III.

Mediante el recurso de apelación que nos ocupa, el apelante nos solicita que revoquemos la *Sentencia Parcial* dictada en su contra, e hizo seis (6) señalamientos de error. Por estar relacionados entre sí, se discutirán el Primer, Segundo, Tercer y Cuarto error señalados, en conjunto.

En sus señalamientos, el apelante argumenta que no debe proceder la moción de sentencia sumaria porque no se cumplió con lo requerido por la Regla 36 de Procedimiento Civil. Alega que existen hechos materiales en controversia, que versan sobre la credibilidad y son asuntos complejos. No le asiste la razón.

El Tribunal Supremo en *Meléndez González et al. v M. Cuebas*, 193 DPR 100, 118-119 (2015), esbozó una serie de criterios a seguir ante una revisión de una moción de sentencia sumaria. Un análisis *de novo* de la moción presentada por la apelada nos lleva a la conclusión que se satisface lo requerido por la Regla 36 de Procedimiento Civil. La moción cumplió con los requisitos de forma y los hechos materiales alegado como incontrovertidos fueron apoyado por la prueba presentada por la parte.

A su vez, el Tribunal Supremo de Puerto Rico ha indicado que "no importa lo complejo que sea un pleito, si de una Moción de Sentencia Sumaria bien fundamentada surge que no existe controversia real en cuanto a los hechos materiales del caso, puede dictarse Sentencia sumariamente". *Meléndez González et al. v M. Cuebas*, *supra*, pág. 112. Aún en circunstancias que un foro determine que un caso sea complejo, esto no es impedimento para resolver por la vía sumaría de no existir hechos materiales en controversia.

Según el dictamen apelado, el foro primario determinó ochenta y ocho (88) hechos incontrovertidos. En base a la prueba del expediente, los determinados hechos medulares están debidamente fundamentados. Los hechos pertinentes fueron sostenidos por declaraciones

juradas de personas con conocimiento personal de los hechos, fotografías, documentos públicos, aceptación de las partes, entre otros métodos de prueba. Además, se observa que las declaraciones juradas de distintas personas concuerdan en su contenido y son apoyadas por la prueba documental.

A base de los hechos del caso, se consumó la prescripción adquisitiva. El señor Juan Feliciano adquirió la parcela 4 por medio de un sorteo en el 1980. Desde esa fecha el señor Juan Feliciano y su familia han estado en posesión continua del inmueble de modo público, pacífico y en concepto de dueño. El apelante no demostró que la usucapión había sido interrumpida previo a la demanda presentada el 26 de marzo de 2018. A su vez, la acción presentada no tuvo efecto interruptor sobre una usucapión ya consumada. Para la fecha de la *Demanda* habían transcurrido sobre 30 años por encima del término requerido para que ocurriera la usucapión por la vía extraordinaria. Por lo cual, los dueños de la parcela 4 adquirieron el terreno de interés reclamado.

Referente al camino vecinal, este se había establecido previo a los 1980 por el señor Feliciano Rivera cuando era dueño en pleno dominio de las fincas para que sirviera como servidumbre de paso. Este camino era conocido por los herederos y colindaba con las parcelas. El camino era conocido por el señor Rivera cuando visitaba a su novia, ahora esposa, al Barrio Saltillo. Se hace referencia en la Escritura Núm. 12 sobre compraventa otorgada el 26 de agosto de 2015 a favor del apelante. Se reconoce por los expedientes del ARPE 03LS7-00000-04999 y 03LS7-00000-05000. Además, el 16 de abril de 2005, el camino vecinal se ratificó por

los herederos en la Escritura Núm. 7 sobre rectificación de cabida, segregación, liquidación y adjudicación. Por lo cual, determinamos que el camino vecinal es una servidumbre de paso con signo aparente.

En cuanto al Quinto Error, el apelante señala que el foro primario erró al desestimar la causa de acción en contra del Municipio. No le asiste la razón.

En su recurso, el apelante argumentó en gran parte que el Tribunal de Primera Instancia erró al acoger la solicitud de sentencia sumaria de la apelada porque es improcedente en derecho y al tracto procesal. Esto se debe a que el foro *a quo*, el 15 de agosto de 2022, emitió un dictamen que declaró *No Ha Lugar* una moción de sentencia sumaria solicitada por el Municipio. No obstante, esto no es impedimento para que en una fecha posterior acoja una nueva solicitud cuando se demuestre que no hay hechos pertinentes en controversias y en derecho proceda dictar la misma. Según los hechos, el camino vecinal fue construido por el señor Feliciano Rivera, y el Municipio sólo embreó el camino a petición de los vecinos. Por lo cual, no procede la causa de acción contra el Municipio, por lo que, procedía su desestimación.

En cuanto al Sexto Error señalado por el apelante. Es norma reiterada que la determinación de temeridad está en la sana discreción del tribunal y el foro revisor sólo intervendrá cuando haya un abuso de dicha discreción. *SLG González-Figueroa v. SLG et al.*, 209 DPR 138, 150 (2022). Por lo tanto, luego de evaluar el caso, no encontramos que el tribunal *a quo* haya abusado de su discreción. Por lo tanto, no intervendremos con su determinación.

## IV.

Por los fundamentos anteriormente expuestos, **CONFIRMAMOS** el dictamen recurrido.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones