Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I (DJ-2024-062, OAJP-2021-086)

| IVÁN SANTOS CAMACHO<br><br>Demandante - Apelado<br><br>v.<br><br>PABLO ORTIZ MARRERO, VÍCTOR SUÁREZ AGOSTO, FULANO DE TAL<br><br>Demandados - Apelante | KLAN202500199 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Bayamón<br><br>Caso núm.: BY2023CV02394 (701)<br><br>Sobre:  Sentencia Declaratoria, Injunction Permanente |
|---|---|---|

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pagán Ocasio y el Juez Rodríguez Flores.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de abril de 2025.

El Tribunal de Primera Instancia (TPI), por la vía sumaria, declaró con lugar una demanda entre vecinos dirigida al deslinde y reivindicación de una porción de terreno.  Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI a la luz de los hechos incontrovertidos que surgen del récord.

I.

En mayo de 2023, el Sr. Iván Santos Camacho (el "Demandante") presentó la acción de referencia (la "Demanda") en contra del Sr. Pablo Ortiz Marrero (el "Vecino") y del Sr. Víctor Suarez Agosto (el "Co-demandado").  Esencialmente, alegó ser dueño de una finca sita en el municipio de Corozal (la "Finca") y que parte de una estructura de tubos y techada en zinc, propiedad del Vecino (la "Estructura"), se encontraba ubicada en la Finca.  Explicó que adquirió la Finca de la Sa. Maritza Marrero Meléndez, mediante Escritura de Compraventa Núm. 61 otorgada el 23 de septiembre de 2014, ante el notario Roberto Vázquez Rodríguez.  La Finca colinda

por el lado norte con el Solar Núm. 6 y por el Sur con el Solar Núm. 8, propiedad del Vecino. Añadió que el Vecino negó que la Estructura estuviera en la Finca.

El Demandante detalló que, en mayo de 2019, contrató al Sr. Enrique Reyes Torres, agrimensor con licencia núm. 7191 (el "Agrimensor" o el "Perito"), para que realizara trabajos de mensura y procediera con el deslinde de la Finca. Sostuvo que el Agrimensor empleó los datos geométricos del plano de inscripción de la Finca originalmente realizado por el Ingeniero José. A Grant Chacón, licencia núm. 1415, aprobado el 11 de mayo de 1971, por la Administración de Reglamentos y Permisos (ARPe) en el caso núm. 5-68-0728-LS. Afirmó que el Agrimensor hizo un plano e indicó que el proyecto está georreferenciado al sistema de coordenadas NAD-83 (*North American Datum*). Asimismo, sostuvo que las marcas colocadas por el Agrimensor en la colindancias y puntos de referencia fueron removidas. El Agrimensor rindió un informe en el que concluyó que la Estructura se encontraba más allá de los límites de la propiedad del Vecino (Solar Núm. 8) e ingresaba en la Finca (Solar Núm. 7).

Además, el Demandante pormenorizó todas las gestiones extrajudiciales que llevó a cabo para resolver el asunto de la colindancia y lograr el pleno uso y disfrute de su propiedad. Destacamos que contrató nuevamente al Agrimensor para repetir la mensura de su propiedad, esta vez según los requerimientos del Código Civil. Explicó que los colindantes fueron citados a participar de la mensura, el 2 de febrero de 2023, entre las 1:00-1:30 pm. El Vecino estuvo presente mientras el Agrimensor realizó la mensura. Subsecuentemente, el 24 de abril de 2023, el Agrimensor produjo un Informe Pericial que confirma las alegaciones del Demandante y que fue discutido con el Vecino.

En atención a todo lo anterior, el Demandante solicitó que el TPI declarase los linderos de la Finca y la propiedad del Vecino. A su vez, requirió que se le ordenara al Vecino remover cualquier estructura o porción de esta que se encontrara en la Finca.

Luego de que el TPI ordenase la continuación de los procedimientos bajo el trámite ordinario, el Vecino incoó una *Moción Solicitando la Desestimación del Presente Pleito por Estar Prescrito (sic) Código Civil.* En síntesis, alegó que la Demanda estaba prescrita debido a que habían transcurrido nueve (9) años desde que el Demandante había comprado la Finca, mientras que el Código Civil de 1930 establecía un término de cuatro (4) años para instar una acción de nulidad de los contratos.

El Demandante se opuso a la referida moción; planteó que en la Demanda no se impugnaba o cuestionaba la validez de contrato alguno y tampoco se cuestionaba la cabida de la Finca. Por el contrario, sostuvo que solo deseaba que se respetaran los linderos de su propiedad. Por consiguiente, señaló que la Demanda no tenía nada que ver con el derecho de contratos.

El TPI denegó la solicitud de desestimación del Vecino; razonó que la Demanda trata sobre un deslinde y que este tipo de acción no tiene término prescriptivo, ya fuera bajo el derogado Código Civil de 1930 o el vigente. El Vecino luego contestó la Demanda; en lo pertinente, negó las alegaciones en su contra.

Durante una vista del 11 de abril de 2024, el TPI le concedió un término de sesenta (60) días al Vecino para presentar un informe pericial. Además, ordenó que las deposiciones pendientes se tomaran durante el mes de agosto. El TPI hizo constar que el descubrimiento de prueba concluiría el 26 de noviembre de 2024.

El 11 de junio, el Demandante presentó una *Moción de Desacato.* Indicó que el Vecino no había entregado el informe de su perito en el término concedido por el TPI. El 27 de junio, el Vecino

presentó un escrito mediante el cual sostuvo, nuevamente, que la Demanda estaba prescrita, a lo cual el Demandante se opuso el 17 de julio. En igual fecha, el TPI notificó una *Resolución* en la que denegó la solicitud de desestimación del Demandado. El Vecino recurrió ante este Tribunal de esa determinación, pero determinamos denegar la expedición del auto solicitado (véase Resolución de 27 de septiembre de 2024, KLCE202400942).

Mientras tanto, el 2 de julio, el TPI notificó una *Orden Enmendada* en la que determinó que el Vecino no podría presentar un informe pericial. Lo anterior, debido a que el escrito presentado por el Vecino no justificó ni abordó lo relacionado con su incumplimiento con el término concedido para presentar dicho informe.

El 20 de diciembre, el Demandante interpuso una *Moción de Sentencia Sumaria* (la "Moción"). En síntesis, sostuvo que no existía controversia de hechos que le impidiese al TPI concluir que los linderos establecidos por el Agrimensor en su Informe Pericial eran correctos y ordenar al Vecino a remover, a su costo, la porción de la Estructura ubicada en la Finca.

El 3 de enero de 2025, el Vecino solicitó una prórroga para contestar la Moción. Afirmó que quedaba pendiente tomar una deposición y cursar unos interrogatorios. Ese mismo día, el Demandante se opuso a la solicitud de prórroga.

El TPI denegó la solicitud de prórroga y le ordenó al Vecino presentar su oposición a la Moción en o antes del 9 de enero. Además, expuso que el descubrimiento de prueba había terminado y quedaba pendiente de adjudicar la Moción. El 9 de enero, el Vecino instó una *Moción Solicitando Reconsideración de Toma de Deposición y Oposición a Sentencia Sumaria.*

El 10 de enero, el TPI notificó una *Orden* que declaró *No Ha Lugar* la solicitud de reconsideración de toma de deposición.

Enfatizó que no se solicitó prórroga al descubrimiento de prueba de manera oportuna. Añadió que se encontraba bajo su consideración la Moción.

El 20 de enero, notificada el 21 de enero, el TPI dictó una sentencia (la "Sentencia"), mediante la cual se declaró con lugar la Demanda, por la vía sumaria, y se declararon como correctos los linderos establecidos en el Informe Pericial de 24 de abril de 2023. El TPI formuló las siguientes determinaciones de hechos:

1) El demandante, señor Santos, es el dueño actual en pleno dominio y titular registral del Lote Núm. 7 según surge de la Escritura Pública Núm. 61 de Compraventa suscrita el 23 de septiembre de 2014 en el Municipio de Corozal ante notario Lcdo. Roberto Vázquez Rodríguez.

2) El demandado, señor Ortiz, es el dueño actual en pleno dominio y titular registral del Lote Núm. 8. de acuerdo con la Escritura Pública Núm. 68 de Compraventa suscrita el 26 de abril de 1996 ante el notario, Lcdo. Ángel Luis Mayol Arizmendi.

3) La única prueba pericial anunciada, admisible y presentada es el informe pericial del agrimensor, el señor Reyes.

4) El informe pericial fue preparado el 24 de abril de 2023.

5) Surge del informe pericial que el señor Reyes es agrimensor de profesión con licencia núm. 7191.

6) De acuerdo con la declaración jurada del agrimensor, señor Reyes suscrita el 20 de diciembre de 2024 su licencia de agrimensura actualmente se encuentra vigente hasta el 28 de septiembre de 2028 ya que la misma fue renovada para el 27 de julio de 2024 según la certificación de la Junta Examinadora de Ingenieros y Agrimensores.

7) Conforme a la declaración jurada del 20 de diciembre de 2024 suscrita por el agrimensor, señor Reyes éste cuenta con un grado asociado en Agrimensura y Construcción de Carreteras del Recinto Universitario de Mayagüez obtenido en el 1973 así como también ha completado varios cursos especializados.

8) Surge de la declaración jurada del 20 de diciembre de 2024 que el agrimensor, señor Reyes tiene una experiencia profesional que abarca casi cinco décadas en la cual se ha desempeñado en diversas capacidades técnicas y administrativas. Su experiencia incluye la preparación de estudios técnicos y topográficos para diseños de infraestructura, negociaciones relacionadas con expropiaciones y delimitación de servidumbres.

9) En la declaración jurada del 20 de diciembre de 2024 se encuentra anejado el resumé del agrimensor señor Reyes y su licencia de agrimensura.

10) Del informe pericial se desprende que el demandante, señor Santos contrató al agrimensor, el señor Reyes para el deslinde de los puntos de colindancia de un solar localizado en el barrio Cibuco, sector La Cueva del Municipio de Corozal.

11) El informe pericial establece que se usó la Escritura Núm. 61 de Compraventa realizada por el notario Lcdo. Roberto Vázquez Rodríguez y suscrita el 23 de septiembre de 2014 donde se describe el solar de la siguiente manera:

----"RÚSTICA: Parcela de terreno radicado en el Barrio Cibuco del término municipal de Corozal, Puerto Rico, rotulada Siete (7) en el Plano de Inscripción aprobado en el caso 5-68-728-LS, con una cabida superficial de dos mil quinientos sesenta y siete punto sesenta y cinco metro cuadrados (2,567.65 m. c.), en lindes: por el NORTE, con el lote SEIS (6) propiedad de Luis Suárez Agosto; por el SUR, con el lote OCHO (8) propiedad de Ramón Suárez Agosto; por el ESTE, con el lote CINCO (5) propiedad de Asunción Suárez Agosto; y por el OESTE, con parcela dedicada a uso público para camino."

-----INSCRITA al folio DIEZ (10) del tomo TRESCIENTOS DOS (302) de COROZAL, finca número: CINCO MIL TRESCIENTOS CINCUENTA Y SIETE (5,357), inscripción cuarta (4ta).

12) El informe pericial expone que el deslinde de los puntos de colindancia se realizó conforme al plano de lotificación preparado por el Ing. Grant, ya fallecido, con licencia núm. 1415, aprobado en el caso 5-68-728-LS.

13) El informe pericial también menciona que luego de mensurado y realizado el deslinde de los puntos de colindancia se encontró que el demandado, señor Ortiz, colindante en el Sur, y actual propietario del Solar núm. 8, enclavó una estructura de madera y zinc; en el cual un 75% de la misma está ubicado en el solar núm. 7 propiedad del demandante, señor Santos.

14) El agrimensor, señor Reyes en su informe pericial mencionó que le requirió al demandado, señor Ortiz que le notificara a su agrimensor que se comunicara con éste con el fin de compartir información de campo con el trabajo realizado pero que dicha comunicación nunca se materializó.

15) El agrimensor, señor Reyes señaló en su informe pericial que ambas partes no tienen controversia y reconocen que los puntos de partida localizados frente al camino municipal son correctos por lo que partiendo de dichos puntos de colindancia se definió la dirección de las líneas de colindancia en los lados Norte (Solar núm. 6) y Sur (Solar núm. 8).

16) El informe pericial describe que el 13 de abril de 2023 a las 9:00 am se citó a los colindantes de los lados Norte (Solar núm. 6) y Sur (Solar núm. 8) donde se repitió el trabajo de campo relocalizando todos los puntos de colindancia previamente marcados.

17) El plano de inscripción para lotificación fue preparado por el Ing. Grant el cual fue aprobado por el 16 de febrero de 1972 por la Junta de Planificación de Puerto Rico como parte del caso núm. 5-68-0728-LS donde se establece la cabida en metros cuadrados de 12 lotes entre ellos el lote 5, 6, 7 y 8.

18) En la declaración jurada suscrita por el agrimensor, señor Reyes expone que identificó y marcó los puntos conforme al mencionado plano de lotificación. Igualmente reitera lo expuesto en su informe pericial.

En atención a estos hechos incontrovertidos, el TPI concluyó que los linderos estaban definidos por el punto de partida localizado frente al camino municipal y que las líneas de colindancia están en dirección del lado norte (solar núm. 6) y el lado sur (solar núm. 8). De igual modo, determinó que el Vecino se encontraba ocupando y poseyendo indebidamente parte del terreno perteneciente al Demandante mediante la Estructura. El TPI dictaminó que procedía el deslinde y el amojonamiento de los linderos de conformidad con el informe pericial y el plano de lotificación. Asimismo, concluyó que el Demandante cumplía todos los requisitos que exige nuestro ordenamiento para reivindicar su propiedad indebidamente ocupada por el Vecino, por lo cual tenía derecho a cercar dicha porción de terreno y disfrutar plenamente de su propiedad.

Por tanto, el TPI ordenó al Vecino a remover, a su costo, cualquier estructura que se extendiera más allá de los límites de su propiedad hacia el interior de la propiedad del Demandante. También, ordenó a las partes abstenerse de remover las marcas instadas por el Agrimensor y, si hubiesen sido removidas, dispuso que estas debían reestablecerse.

Inconforme, el 5 de febrero, el Vecino solicitó la reconsideración de la Sentencia (la "Reconsideración"), lo cual fue

denegada por el TPI mediante una *Resolución* notificada el 7 de febrero.

El 7 de marzo, el Vecino interpuso el recurso que nos ocupa. En esencia, plantea que el TPI debió aguardar a que este condujera cierto descubrimiento de prueba adicional; que no se había atendido un supuesto daño causado por cierto movimiento de terreno que alega realizó el Demandante; que el Departamento de Recursos Naturales era parte indispensable, mas no fue incluido como parte demandada; y que al Co-demandado se le emplazó y se le anotó la rebeldía, aunque su padre, cuyo nombre consta en el emplazamiento, había fallecido mucho antes. El Demandante presentó su alegato en oposición; resolvemos[1].

## II.

La sentencia sumaria es un mecanismo procesal que se utiliza para lograr la solución justa, rápida y económica de una controversia donde resulta innecesario celebrar un juicio en su fondo. *Meléndez González v. M. Cuebas, Inc.*, 193 DPR 100, 109 (2015). Este mecanismo procede cuando no existe una controversia real sobre hechos materiales. Un hecho es material cuando puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

La Regla 36 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3, impone un número de requisitos tanto al proponente de la sentencia sumaria como al que se opone a la misma. La moción de sentencia sumaria debe contener: una exposición breve de las alegaciones de las partes, los asuntos litigiosos en controversia, la

---

[1] Antes de presentar su alegato, el Demandante solicitó la desestimación del recurso. Hemos determinado denegar dicha solicitud. Aunque ni la Reconsideración ni el recurso son un modelo de claridad y coherencia, concluimos que sus deficiencias no tienen como consecuencia que la Reconsideración haya dejado de interrumpir el término para apelar o que estemos impedidos de evaluar y adjudicar el recurso.

causa de acción sobre la cual se solicita la sentencia sumaria, una relación concisa y organizada en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia, con indicación de los párrafos o páginas de la prueba documental donde se establecen los mismos, la argumentación del derecho aplicable y el remedio que se solicita. 32 LPRA Ap. V, R. 36.3(a).

De igual forma, la parte que se opone a la sentencia sumaria tiene que cumplir con las exigencias de la Regla 36. En particular, debe enumerar aquellos hechos materiales de buena fe controvertidos y aquellos sobre los cuales no hay controversia. En ambos casos, por cada hecho, se tienen que indicar los párrafos o páginas de la prueba documental que establecen o impugnan ese hecho. 32 LPRA Ap. V, R. 36.3(b). Así pues, la parte que se opone a que se dicte sentencia sumariamente "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente". 32 LPRA Ap. V, R. 36.3(c). Los hechos enumerados en la moción de sentencia sumaria que no sean debidamente controvertidos podrán considerarse admitidos. 32 LPRA Ap. V, R. 36.3(d). De forma similar, "[e]l tribunal no tendrá la obligación de considerar aquellos hechos que no han sido específicamente enumerados". *Íd.*

Claro está, cuando un tribunal evalúa y analiza una moción de sentencia sumaria, no está obligado a resolverlo apoyado únicamente en los documentos que se presentan con la moción, sino que se deben considerar todos los documentos en los autos en los que surja alguna admisión hecha por alguna de las partes. *Const. José Carro v. Mun. Dorado*, 186 DPR 113, 130 (2912). De haber alguna duda acerca de la existencia de una controversia sobre los hechos medulares y sustanciales del caso deberá resolverse contra

la parte que solicita la moción, haciendo necesaria la celebración de un juicio. *Rivera et al. v. Superior Pkg., Inc. et al.*, 132 DPR 115, 133 (1992). (Citas en el original suprimidas).

Además, la omisión en presentar evidencia que rebata aquella presentada por el promovente, no necesariamente implica que procede dictar sentencia sumaria de forma automática. *Mun. de Añasco v. ASES et al.*, 188 DPR 307, 327 (2013); *Córdova Dexter v. Sucn. Ferraiuoli*, 182 DPR 541, 556 (2011); *González Aristud v. Hosp. Pavía*, 168 DPR 127, 138 (2006). Solo procede que un tribunal dicte sentencia sumariamente cuando, de las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas y otra evidencia, no surja controversia real sustancial sobre algún hecho material y, además, proceda como cuestión de derecho. 32 LPRA Ap. V, R. 36.3(e). Es decir, "cuando surge de manera clara que, ante los hechos materiales no controvertidos, el promovido no puede prevalecer ante el derecho aplicable y el Tribunal cuenta con la verdad de todos los hechos necesarios para poder resolver la controversia". *Meléndez González*, 193 DPR a las págs. 109-110, citando a *Const. José Carro v. Mun. Dorado*, 186 DPR a la pág. 129 y a *Nieves Díaz v. González Massas*, 178 DPR 820, 868 (2010).

### III.

Entre las acciones protectoras del dominio se encuentran la acción de deslinde y la reivindicatoria. *Ramírez Quiñones v. Soto Padilla*, 168 DPR 142, 157 (2006). La acción de deslinde tiene el propósito de determinar los linderos confundidos de dos heredades contiguas. *Íd.*, citando a *Zalduondo v. Méndez*, 74 DPR 637, 641-642 (1953).

De conformidad con el Artículo 319 del Código Civil de 1930, 31 LPRA sec. 1211,[2] "todo propietario tiene derecho a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes." Esta acción está disponible a "todos los propietarios cuyas propiedades limítrofes tienen confundidos sus linderos por causas naturales, accidentes fortuitos o actos voluntarios de tercero, debiendo concurrir todos a un solo juicio …". *Ramírez Quiñones*, 168 DPR a la pág. 158 citando a *Arce v. Díaz*, 77 DPR 624, 627-628 (1954).

La acción de deslinde es imprescriptible. Artículo 1865 del Código Civil, 31 LPRA sec. 5295; *Ramírez Quiñones*, 168 DPR a la pág. 158. "[E]l hecho de haberse intentado o practicado una acción de deslinde no impide que se vuelva a hacer, si existen nuevas causas que lo justifiquen." *Íd.*, citando a *Zayas v. Autoridad de Tierras*, 73 DPR 897, 901 (1952).

La acción de deslinde tiene dos características distintivas: 1) pretende individualizar los inmuebles, sin determinar directamente quién es su dueño y 2) en ella no se discute la validez ni la eficacia de los títulos, sino que se dirime su interpretación. Es en virtud de estas características que el deslinde "no da ni quita derechos". *Ramírez Quiñones*, 168 DPR a la pág. 159. "Por eso es que no perjudica al demandado la norma que impide litigar en el procedimiento de deslinde la prescripción adquisitiva de las partes." Íd., a las págs. 158-159, citando a *Zalduondo v. Méndez*, 74 DPR a la pág. 644. El deslinde se hará de conformidad con los títulos de cada propietario. A falta de títulos suficientes, se hará por lo que resulte de la posesión en que estén los colindantes. Artículo 320 del Código Civil, 31 LPRA sec. 1212.

---

[2] Hacemos referencia al Código Civil de 1930 por estar vigente al momento de surgir la controversia entre las partes.

Por su parte, mediante la acción reivindicatoria, el propietario reclama su cosa de quien la tenga o posea. Artículo 280 del Código Civil, 31 LPRA sec. 1111; *Ramírez Quiñones*, 168 DPR a la pág. 157. En esta acción el propietario debe identificar adecuadamente el objeto que reclama, probar que es suyo y que está indebidamente en posesión del demandado. *Íd.*, citando a *Pérez Cruz v. Fernández*, 101 DPR 365, 374 (1973).

El efecto de una sentencia reivindicatoria es declarar el derecho dominical del demandante y ordenar que el demandado le entregue la posesión del objeto. *Ramírez Quiñones*, 168 DPR a la pág. 158. "Cuando el tribunal debe examinar la validez o eficacia de los títulos o cuando el demandante solicita la posesión que corresponde a su dominio, estamos ante una acción reivindicatoria". *Íd.*, a la pág. 159.

Por último, las acciones de reivindicación y deslinde pueden acumularse o instarse sucesivamente. "Por ejemplo, el propietario que desea recuperar un terreno de su colindante podría solicitar el deslinde para identificar precisamente el terreno." *Ramírez Quiñones*, ante.

IV.

Luego de revisar cuidadosamente en el Sistema Unificado de Manejo y Administración de Casos (SUMAC) la totalidad del récord, a la luz de los planteamientos del Vecino, concluimos que actuó correctamente el TPI al dictar la Sentencia. Las determinaciones de hechos formuladas por el TPI surgen de forma incontrovertida del récord. Además, son correctas las conclusiones de derecho del TPI a la luz de los hechos enunciados, por lo cual el TPI, acertadamente, determinó los linderos correctos de la Finca y le ordenó al Vecino a remover, a su costo, la Estructura, una gran parte de la cual invade la Finca. Veamos.

Primero, contrario a lo aducido por el Vecino, el TPI autorizó y les dio amplia oportunidad a las partes de culminar el descubrimiento de prueba. No obstante, el Vecino incumplió con los términos señalados por el TPI; nunca presentó el informe pericial que anunció; y tampoco acreditó haber citado oportunamente al Perito o al Demandante para deponerlos. En cualquier caso, el récord está huérfano de alguna justificación para haber ignorado los términos concedidos por el TPI para realizar el descubrimiento de prueba que estimase procedente.

Segundo, el Vecino no sometió ante el TPI prueba alguna en apoyo de su alegación de que el Agrimensor no hizo debidamente la mensura. Por el contrario, se desprende del récord que, para hacer la mensura, el Perito utilizó los puntos que constan en el plano de inscripción de la Finca. La declaración jurada del Co-demandado, sometida por el Vecino, por su impreciso y escueto contenido, no controvierte las conclusiones del Perito.

Tercero, no tiene pertinencia jurídica alguna en este caso el que hubiese fallecido el padre del Co-demandado. La persona fallecida no fue demandada, y el error en el segundo apellido colocado en el emplazamiento no afectó que el TPI asumiera válidamente jurisdicción sobre el Co-demandado, quien recibió el emplazamiento y conoció oportunamente de la Demanda.[3] De todas maneras, nada de lo alegado en la Demanda, o resuelto en la Sentencia, afecta de modo alguno al Co-demandado (o a la sucesión de su padre fallecido).

Cuarto, en el contexto de esta acción civil, no tiene pertinencia lo alegado por el Vecino en cuanto a unos supuestos daños causados causados por unos movimientos de terreno del Demandante, por lo cual tampoco era parte indispensable el Departamento de Recursos

---

[3] Véase, por ejemplo, *León García v. Rest. El Tropical*, 154 DPR 249 (2001).

Naturales. Estas alegaciones no inciden sobre las reclamaciones del Demandante, y el Vecino no presentó reconvención alguna al respecto. Tampoco tiene pertinencia lo que arguye el Vecino en cuanto a los pormenores de la compraventa de la Finca; es decir, lo relacionado con la compraventa a precio alzado de la Finca no tiene consecuencia jurídica alguna a los fines de la acción de deslinde y reivindicación presentada por el Demandante. Precisamente por lo anterior es que el TPI correctamente consideró que las reclamaciones del Demandante no estaban prescritas.

En fin, el Demandante colocó adecuadamente al TPI en posición de dictar sentencia a su favor, y el Vecino no presentó oportunamente prueba pertinente en apoyo de su postura, ni refutó adecuadamente las conclusiones del Informe Pericial del Agrimensor y la prueba documental presentada por el Demandante. Adviértase que meras alegaciones y teorías no constituyen prueba. *U.P.R. Aguadilla v. Lorenzo Hernández*, 184 DPR 1001, 1013 (2012), citando a *Pereira Suárez v. Jta. Dir. Cond.*, 182 DPR 485, 509-510 (2011) y *Alberty v. Bco. Gub. de Fomento*, 149 DPR 655, 671 (1999); *Asoc. Auténtica Empl. v. Municipio de Bayamón*, 111 DPR 527, 531 (1981).

V.

Por los fundamentos que anteceden, se confirma la Sentencia apelada.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones