ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| PABLO ORTIZ MARRERO,<br><br>Apelante,<br><br>v.<br><br>IVÁN SANTOS CAMACHO,<br><br>Apelada. | TA2026AP00287 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón.<br><br>Civil núm.: BY2025CV05674.<br><br>Sobre: embargo ilegal. |

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Romero García, jueza ponente.

## SENTENCIA

En San Juan, Puerto Rico, a 23 de abril de 2026.

En esta ocasión, ante una solicitud de desestimación al amparo de la Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, el Tribunal de Primera Instancia, Sala Superior de Bayamón, desestimó con perjuicio la demanda sobre prescripción adquisitiva incoada por la parte apelante, señor Pablo Ortiz Marrero (señor Ortiz). Además, el foro primario impuso el pago de las costas y $1,000.00 en concepto de honorarios de abogado a favor de la parte apelada, señor Iván Santos Camacho (señor Santos).

Nos corresponde determinar si el señor Ortiz presentó oportunamente la defensa afirmativa de prescripción adquisitiva o si, por el contrario, aplica la doctrina de cosa juzgada en su modalidad de fraccionamiento de la causa de acción.

Por los fundamentos que expondremos, **confirmamos** la sentencia apelada.

I

Los hechos pertinentes a este recurso comienzan con la presentación de un pleito sobre *injunction* permanente, deslinde y amojonamiento al cual se le asignó el alfanumérico BY2023CV02394[1]. En

---

[1] *Véase*, expediente del caso BY2023CV02394, entrada 1 del *Sistema Unificado de Manejo y Administración de Casos* (SUMAC) del Tribunal de Primera Instancia (TPI).

síntesis, el allí demandante, señor Santos, solicitó al foro primario que emitiera una sentencia declaratoria sobre los linderos de su propiedad[2], ordenara al señor Ortiz remover cualquier estructura o porción de esta que estuviese en su finca, y que devolviera a su estado original cualquier terreno que este último hubiera ocupado ilegalmente.

En relación con el referido caso, el Tribunal de Primera Instancia, por la vía sumaria, declaró **con lugar** la demanda instada por el señor Santos, y ordenó el deslinde y reivindicación de la porción de terreno objeto de controversia. **Dicha determinación fue confirmada mediante** *Sentencia* **de este Tribunal de Apelaciones el 30 de abril de 2025**[3].

Posteriormente, el 28 de octubre de 2025, el señor Ortiz presentó la demanda sobre daños y perjuicios, y prescripción adquisitiva objeto de esta sentencia[4]. En esta ocasión, alegó que ha poseído su finca de manera pública, pacífica y en concepto de dueño desde abril de 1996, y que para efectos de la usucapión le beneficiaba la posesión desde 1972 del titular anterior, para un total de 51 años. Además, el señor Ortiz aludió al procedimiento relacionado al caso BY2023CV02394. En particular, **resaltó que allí se había dictado una sentencia sumaria sin considerar sus planteamientos y sin permitirle tomar una deposición al señor Santos**.

Finalmente, el señor Ortiz sostuvo que la insistencia del señor Santos en que se cumpliera la sentencia sumaria dictada "erróneamente" por el Tribunal de Primera Instancia en el caso BY2023CV02394 le había provocado graves sufrimientos y angustias mentales, además de una pérdida monetaria, que valoró en más de $80,000.00. En atención a lo anterior, solicitó al Tribunal de Primera Instancia que hiciera una

---

[2] Se trata de la finca rural con cabida superficial de 2567.65 metros cuadrados, identificada como solar Núm. 7, en el Barrio Cibuco, Sector "La Cueva", Carr. PR-818, Km. 05 Interior, a un camino municipal. Núm. de Catastro 110-077-346-12. La referida propiedad colinda por el lado norte con el Solar Núm. 6, y por el lado Sur, con el Solar Núm. 8, que es propiedad del señor Pablo Ortiz Marrero. La referida propiedad fue adquirida de Maritza Marrero Meléndez, mediante Escritura de compraventa Núm. 61 otorgada ante el notario Roberto Vázquez Rodríguez, el 23 de septiembre de 2014, en Corozal, Puerto Rico.

[3] *Véase*, expediente del caso BY2023CV02394, entrada 143 SUMAC TPI.

[4] *Véase*, expediente de este caso BY2025CV05674, entrada 1 SUMAC TPI. A partir de esta referencia, de no hacer distinción a esos efectos, nos estaremos refiriendo a este expediente electrónico.

determinación sobre el dominio de la propiedad a su favor y que determinara que la sentencia final y firme del BY2023CV02394 constituía un embargo ilegal de su propiedad.

Por su parte, el 19 de noviembre de 2025, el señor Santos presentó una solicitud de desestimación al amparo de la Regla 10.2(5) de Procedimiento Civil, 32 LPRA Ap. V[5]. Apuntó que la demanda del señor Ortiz constituía un subterfugio con el que pretendía que se revocase la sentencia sumaria dictada en el caso BY2023CV02394, y confirmada por este foro intermedio. A su vez, arguyó que el señor Ortiz no había formulado alegaciones suficientes para que procediera una causa de acción en daños y perjuicios por embargo ilegal, o alguna otra. En particular, resaltó que el señor Ortiz no había hecho alegación alguna sobre circunstancias excepcionales, que justificaran que la primera sentencia fuera dejada sin efecto.

Además, planteó que en esta demanda instada en su contra se alegaban los mismos hechos que habían sido objeto de la sentencia emitida por el Tribunal de Primera Instancia en el caso BY2023CV02394. Por ello, invocó como defensa afirmativa la doctrina de cosa juzgada.

En su oposición a la moción de desestimación, el señor Ortiz nuevamente hizo referencia al caso BY2023CV02394 y expuso que en aquella ocasión el foro primario dictó una sentencia sin jurisdicción sobre la materia, por lo que resultaba nula[6]. Atribuyó la falta de jurisdicción a la negativa del Tribunal de Primera Instancia de considerar las alegaciones relacionadas a su presunta usucapión de la porción de terreno objeto de controversia[7].

---

[5] Entrada 4 SUMAC TPI.

[6] Entrada 8 SUMAC TPI.

[7] A su escrito anejó la Minuta de una vista para mostrar causa celebrada el **18 de septiembre de 2025** en caso BY2023CV02394, cuyo objetivo era atender asuntos relacionados a las sanciones impuestas al señor Ortiz por incumplimiento con las órdenes del tribunal. Del documento surge que el Tribunal de Primera Instancia aclaró que no atendería los planteamientos sobre usucapión en virtud de que ya existía una sentencia final y firme con la que no se había cumplido. *Íd.*

Sometido el asunto, el 16 de febrero de 2026, el Tribunal de Primera Instancia emitió su sentencia[8]. El foro primario examinó el tracto y las controversias atendidas en el caso BY2023CV02394, y concluyó que el pleito ante su consideración giraba en torno a los mismos hechos de la reclamación presentada por el señor Santos en la sala hermana de ese tribunal. Resaltó que, en el primer caso, el señor Ortiz no había esgrimido, a pesar de tener amplia oportunidad para ello, las defensas afirmativas aplicables, conforme a la Regla 6.3 de Procedimiento Civil[9], 32 LPRA Ap. V; entre ellas, la usucapión. Por tanto, concluyó que la omisión de ese acto se tradujo en una renuncia a tal defensa. Como corolario de lo anterior, determinó que aplicaba la doctrina de cosa juzgada.

Inconforme con la determinación del foro primario, el señor Ortiz presentó una moción de reconsideración, la cual fue declarada sin lugar el 6 de marzo de 2026.

Aún inconforme, el señor Ortiz instó este recurso y formuló los siguientes señalamientos de error:

> Erró el Honorable Tribunal de Primera Instancia al proceder en el presente caso como si fuera un nuevo caso con las alegaciones del primer caso que dio base al caso BY2025CV05674, cuando es un caso totalmente nuevo donde se solicita se vea la prescripción adquisitiva.
>
> Erró el Honorable Tribunal de Primera Instancia al no tomar en consideración que el deslinde ni quita ni da derecho.
>
> Erró el Honorable Tribunal de Primera Instancia al no tomar acción sobre lo que indicó el Tribunal Apelativo en su Sentencia KLAN202500199 del 30 de abril de 2025 que indica que "la acción de deslinde tiene el propósito de determinar los linderos confundidos de dos heredades contiguas. Íd., citando a *Zalduondo v. Méndez*, 74 DPR 637, 641-642 (1953)."
>
> Erró el Honorable Tribunal de Primera Instancia al no tomar en consideración el Artículo 319 del Código Civil de 1930, 31 LPRA sec. 1211,2 "todo propietario tiene derecho a pedir el deslinde de su propiedad, con citación de los dueños de los predios colindantes." Esta acción está disponible a "todos los propietarios" cuyas propiedades limítrofes tienen confundidos sus linderos por causas naturales, accidentes fortuitos o actos voluntarios de tercero, debiendo concurrir todos a un

---

[8] Entrada 12 SUMAC TPI.

[9] La Regla 6.3 de Procedimiento Civil claramente dispone que, entre las defensas afirmativas que tienen que ser planteadas en la contestación a la demanda, o se tienen por renunciadas, se encuentra **la prescripción adquisitiva o la extintiva**.

solo juicio…". Ramírez Quiñones, 168 DPR a la pág. 158 citando a *Arce v. Díaz*, 77 DPR 624, 627-628 (1954).

Erró el Honorable Tribunal de Primera Instancia al no considerar que "[E]l hecho de haberse intentado o practicado una acción de deslinde no impide que se vuelva a hacer, si existen nuevas causas que lo justifiquen." Íd., citando a *Zayas v. Autoridad de Tierras*, 73 DPR 897, 901 (1952) (Sentencia KLAN202500199 del 30 de abril de 2025).

Erró el Honorable Tribunal de Primera Instancia al no tomar en cuenta el artículo 831 "las acciones de deslinde y amojonamiento son imprescriptibles, sin perjuicio a derechos adquiridos por usucapión".

Erró el Honorable Tribunal de Primera Instancia al utilizar la no inclusión de defensa afirmativa en contestación a la demanda BY2023CV02394 como derecho renunciado refiriéndose a que habíamos renunciado a la usucapión cuando lo correcto es que las alegaciones que hicimos en el primer caso fueron todas cuestiones de derecho que por tratarse por cuestiones de derecho no es necesario incluirlas (Regla 6.3 Defensas Afirmativas) por lo tanto en el presente caso (BY2025CV05674) todas las alegaciones que hicimos en el primer caso las utilizamos en el segundo caso.

Erró el Honorable Tribunal de Primera Instancia al no tomar en cuenta todos los requisitos para obtener la usucapión fijados por la ley incluidos en la demanda en el inciso 7 de la letra a-s (Anejo 10 Demanda BY2025CV05674).

Por su parte, el 12 de abril de 2026, el señor Santos presentó su alegato en oposición.

Con el beneficio de la comparecencia de las partes litigantes, resolvemos.

II

A

La Regla 10.2 de Procedimiento Civil, 32 LPRA Ap. V, permite que un demandado en una demanda, reconvención, demanda contra coparte, o demanda contra tercero, solicite al tribunal la desestimación de las alegaciones en su contra. A tales efectos, la referida regla reza como sigue:

Toda defensa de hechos o de derecho contra una reclamación se expondrá en la alegación responsiva excepto que, a opción de la parte que alega, las siguientes defensas pueden hacerse mediante una moción debidamente fundamentada: (1) falta de jurisdicción sobre la materia; (2) falta de jurisdicción sobre la persona; (3) insuficiencia del emplazamiento; (4) insuficiencia del diligenciamiento del emplazamiento; (5) **dejar de exponer una reclamación que justifique la concesión de un remedio**; (6) dejar de acumular una parte indispensable.

(Énfasis nuestro).

A los fines de disponer de una moción de desestimación por el fundamento de que la demanda no expone una reclamación que justifique la concesión de un remedio, los tribunales vienen obligados a tomar como ciertos todos los hechos bien alegados en la demanda y considerarlos de la manera más favorable a la parte demandante. *Rivera Sanfeliz et al. v. Jta. Dir. FirstBank*, 193 DPR 38, 49 (2015); *Colón Rivera et al. v. ELA*, 189 DPR 1033, 1049 (2013). Por tanto, la demanda no deberá ser desestimada a menos que se desprenda con toda certeza que el demandante no tiene derecho a remedio alguno bajo cualquier estado de hechos que puedan ser probados en apoyo de su reclamación. *Consejo de Titulares v. Gómez Estremera et al.*, 184 DPR 407, 423 (2012); *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR 497, 505 (1994).

Así pues, es necesario considerar si, a la luz de la situación más favorable al demandante, y resolviendo toda duda a favor de este, la demanda es suficiente para constituir una reclamación válida. *Pressure Vessels P.R. v. Empire Gas P.R.*, 137 DPR, a la pág. 505. Tampoco procede la desestimación de una demanda, si la misma es susceptible de ser enmendada. *Colón v. Lotería*, 167 DPR 625, 649 (2006).

B

Tal cual señala el Tribunal Supremo de Puerto Rico en *Municipio de San Juan v. Bosque Real, S.E.*, 158 DPR 743, 769 (2003), la doctrina de cosa juzgada, de origen romano, tenía base estatutaria en el Art. 1204 del Código Civil de Puerto Rico, 31 LPRA sec. 3343[10]. Por ello, en nuestro acervo jurídico, la presunción de cosa juzgada se rige por los postulados del Derecho Civil. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR 452, 464 (1996).

---

[10] El Código Civil de Puerto Rico, Ed. 1930, fue derogado efectivo el 28 de noviembre de 2020, por el Código Civil de Puerto Rico de 2020, Ley Núm. 55 de 1 de junio de 2020. Aunque la doctrina de cosa juzgada no está regulada en el Código Civil de 2020, como lo estuvo en el Código Civil de 1930, la misma se mantiene vigente conforme a la jurisprudencia. Por tanto, citamos el Código Civil de 1930, con el fin de explicar la doctrina de cosa juzgada.

Así pues, conforme a la doctrina civilista, para que se active la presunción de cosa juzgada en otro juicio, "[…] es necesario que entre el caso resuelto por la sentencia y aquél en que esta sea invocada, concurra la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad con que lo fueron." Añade el Tribunal Supremo:

> La doctrina está fundamentada en el interés del Estado en ponerle fin a los litigios y en proteger a los ciudadanos para que no se les someta en múltiples ocasiones a los rigores de un proceso judicial. *Pérez v. Bauzá*, 83 D.P.R. 220, 225 (1961). El efecto de la aplicación de esta doctrina es que la sentencia emitida en un pleito anterior impide que se litiguen posteriormente, entre las mismas partes y sobre las mismas causas de acción y cosas, las controversias ya litigadas y adjudicadas, y aquellas que se pudieron haber litigado. *Pagán Hernández v. U.P.R.*, 107 D.P.R. 720, 732-33 (1978); *Mercado Riera v. Mercado Riera*, 100 D.P.R. 940, 950 (1972).

*Municipio de San Juan v. Bosque Real, S.E.*, 158 DPR, a las págs. 769-770.

Basado en esos mismos propósitos, el Tribunal Supremo de Puerto Rico ha reconocido otra modalidad de la doctrina de cosa juzgada, en la que no resulta necesaria la identidad de las causas. Esta es la figura jurídica del impedimento colateral por sentencia. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753 (1981). Ella surte efecto cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina mediante sentencia válida y final. Como resultado, tal determinación es concluyente en un segundo pleito entre las mismas partes, aunque estén envueltas causas de acción distintas[11]. *Íd.*, a la pág. 762. Véase, además, *Vidal v. Monagas*, 66 DPR 622 (1946).

Cual citado, el Art. 1204 del Código Civil derogado exigía la identidad entre las cosas, las causas y las personas de los litigantes. En primer lugar, cuando la doctrina de cosa juzgada alude a la identidad entre las *cosas*, se refiere al "objeto o materia sobre la cual se ejercita la acción". *Lausell*

---

[11] En el caso de *A & P Gen. Contractors*, el Tribunal Supremo reconoce que la figura del impedimento colateral por sentencia o *colateral estoppel by judgment* fue adoptada del derecho anglosajón. No obstante, también concluye que dicha figura es armonizable y debe ser tratada como una modalidad de la doctrina de cosa juzgada civilista. 110 DPR, a la pág. 763. Véase, además, lo apuntado por el Tribunal Supremo en el caso de *Martínez Díaz v. E.L.A.*, 182 DPR 580, 584-589 (2011), sobre el tema de la aplicación interjurisdiccional de la doctrina de cosa juzgada *vis à vis* la aplicación de la modalidad de impedimento colateral por sentencia.

*Marxuach v. Díaz de Yáñez*, 103 DPR 533, 535 (1975). Es decir, el objeto de una demanda.

En cuanto a la identidad de *causa*, esta se refiere a la razón o motivo de pedir; significa el fundamento u origen de las cuestiones planteadas y resueltas. *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR, a la pág. 765. El requisito de identidad de causas se constituye cuando la nueva acción esté como embebida en la primera o fuese consecuencia inseparable de la misma. *Acevedo v. Western Digital Caribe, Inc.*, 140 DPR, a la pág. 464.

Con referencia al requisito de la identidad de las personas de los litigantes, el mismo se rige por la doctrina de la mutualidad. *Íd.*, a la pág. 465[12]. Ello implica que las partes litigantes deben haber sido las mismas en ambos pleitos, el original y el segundo, o se hallaren en una relación mutua. *Pol Sella v. Lugo Christian*, 107 DPR 540, 550 (1978).

De otro lado, el Tribunal Supremo ha reconocido la modalidad de la doctrina de cosa juzgada, denominada fraccionamiento de causa de acción. Dicha modalidad aplica a toda reclamación posterior entre las mismas partes, sobre el mismo asunto. *Abengoa, S.A. v. American Intl. Ins.*, 176 DPR 512, 525 (2009).

.    .    .    .    .    .    .    .

**En cuanto a la modalidad de fraccionamiento de causa de acción, hemos expresado que aplica a toda reclamación posterior que se presente *entre las mismas partes y sobre el mismo asunto.*** Es por esto que si un demandante tiene varias reclamaciones, que surgen de un mismo evento, *contra un mismo demandado* y presenta una de esas reclamaciones, se aplicará esta modalidad si luego de terminado dicho pleito decide presentar otro pleito contra el mismo demandado por las otras reclamaciones.

.    .    .    .    .    .    .    .

*Presidential v. Transcaribe*, 186 DPR 263, 277-278 (2012). (Bastardillas en el original; énfasis nuestro).

El propósito de esta defensa **"es promover la finalidad de las controversias judiciales y evitar las continuas molestias a una parte con la presentación sucesiva de varios pleitos relacionados con el**

---

[12] *Véase,* además, *Pol Sella v. Lugo Christian*, 107 DPR 540, 550 (1978); *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR, a la pág. 762.

**mismo asunto**". *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR 133, 156 (2011). (Énfasis nuestro).

Finalmente, el Tribunal Supremo se ha negado a aplicar la doctrina de cosa juzgada de forma automática o de manera rígida. A modo ilustrativo, ha declinado aplicarla para evitar una injusticia o cuando se plantean consideraciones de interés público, aun cuando concurran los requisitos antes discutidos[13]. No obstante, ello no implica que las excepciones a su aplicación se van a aplicar liberalmente; por el contrario, las excepciones a la aplicación de la doctrina de cosa juzgada no se favorecen, pues se puede afectar la finalidad de las controversias adjudicadas y, por ende, el buen funcionamiento del sistema judicial. *P. R. Wire Products v. C. Crespo & Assoc.*, 175 DPR 139, 152 (2008), que cita a *Parrilla v. Rodríguez*, 163 DPR 263, 271 (2004).

III

En su recurso, el señor Ortiz plantea que el Tribunal de Primera Instancia erró al desestimar su causa de acción y basar su determinación en la doctrina de cosa juzgada. Señala que incidió al no atender su reclamo, a pesar de tratarse de una nueva acción cuyo fin era atender asuntos relacionados a la prescripción adquisitiva. Finalmente, señala que el foro primario debió considerar que el señor Ortiz cumplía con todos los requisitos estatutarios para la prescripción adquisitiva.

Sin embargo, a pesar de haber impugnado una determinación sobre la desestimación de su recurso por dejar de exponer una reclamación que justificara la concesión de un remedio, el señor Ortiz obvió la mayoría de los errores planteados y solo discutió en su recurso el derecho pertinente a la usucapión.

En su escrito de oposición, el señor Santos enfatiza que el señor Ortiz no cumple con los requisitos para usucapir y reitera su postura respecto a la doctrina de cosa juzgada según expuesta en su moción de

---

[13] Inclusive, el Tribunal Supremo ha caracterizado ese *interés público* como "intereses públicos mayores", que así lo ameriten. *S.L.G. Szendrey-Ramos v. Consejo Titulares*, 184 DPR, a la pág. 154; *Méndez v. Fundación*, 165 DPR 253, 268 (2005).

desestimación. Si bien reconoce que el señor Ortiz podría tener disponible una nueva acción de deslinde, resalta que no surge de la demanda incoada alegación alguna a tales efectos. Finalmente, nos solicita que determinemos que la presentación de este recurso ha sido temeraria y frívola, y que impongamos al señor Ortiz el pago de honorarios de abogado[14].

Ahora bien, es norma conocida en nuestro ordenamiento jurídico que la parte promovente de un recurso está obligada a cumplir con las disposiciones reglamentarias de este Tribunal. En cuanto al contenido del escrito de las apelaciones en casos civiles, la Regla 16(C)(1), sub incisos (e) y (f), de nuestro Reglamento requiere que del cuerpo del escrito se desprenda un señalamiento breve y conciso de los errores que a juicio de la parte apelante cometió el Tribunal de Primera Instancia y una discusión de los errores señalados, junto a las disposiciones de la ley y de la jurisprudencia aplicables. *In re Aprob. Enmdas. Reglamento* TA, 2025 TSPR 141, pág. 32, 215 DPR ___ (2025). **De incumplir con este precepto, los errores no discutidos se entenderán renunciados y no serán considerados por los tribunales revisores**. *Pueblo v. Adorno Cabrera,* 133 DPR 839, 857 (1993).

En virtud de lo anterior, tendremos por no puestos los primeros siete errores señalados por el señor Ortiz y concluimos que no se nos puso en posición de atender los reclamos presentados por la parte apelante. Ciertamente, no podemos menospreciar la exigencia de que se plasmen con claridad los señalamientos de error en una apelación y se discutan de manera apropiada.

En cuanto al señalamiento sobre si procede o no la usucapión, coincidimos con el foro primario en cuanto a que estaba impedido de entrar en los méritos de dicha reclamación y que era de aplicación la doctrina de

---

[14] A dicha solicitud en particular, **sin lugar**. En su sentencia, el foro primario impuso al señor Ortiz el pago de los honorarios de abogado a favor del señor Santos. En cuanto a las costas incurridas en la tramitación de este recurso, la parte apelada podrá reclamarlas conforme a lo dispuesto en la Regla 44.1(c) de Procedimiento Civil, 32 LPRA Ap. V, una vez recibido el mandato correspondiente.

cosa juzgada. Nos resulta evidente que el señor Ortiz tuvo amplia oportunidad de presentar en el primer pleito la defensa afirmativa sobre usucapión, sin embargo, no lo hizo. La misma no surge ni de su contestación a la demanda[15] en el caso BY2023CV02394, ni de su contestación a la solicitud de sentencia sumaria[16]. Solo hizo planteamientos a esos efectos luego de dictada la sentencia por el Tribunal de Primera Instancia. Por lo que el foro *a quo* en ese caso consideró el planteamiento de cosa juzgada tardío desde el momento en que el señor Ortiz presentó su moción de nulidad de sentencia[17], así como su solicitud de reconsideración[18]. No solo eso, sino que, como bien expresó el Tribunal de Primera Instancia, se le brindó amplia oportunidad de argumentarlo, tanto en las vistas celebradas con posterioridad a la primera sentencia, como en otras mociones.

Examinados los trámites relacionados al caso BY2023CV02394 y el que nos ocupa BY2025CV05674, resulta evidente que no solo estamos ante una controversia entre las mismas partes y el mismo asunto, sino que hay una sentencia que advino final y firme con la cual el señor Ortiz no ha cumplido. Lo anterior, a pesar de los múltiples esfuerzos del tribunal y del señor Santos.

IV

Por los fundamentos expuestos, **confirmamos** la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 16 de febrero de 2026, notificada al día siguiente.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[15] *Véase*, expediente del caso BY2023CV02394, entrada 54 SUMAC TPI.

[16] *Íd.*, entrada 117 SUMAC TPI.

[17] *Íd.*, entrada 168 SUMAC TPI.

[18] *Íd.*, entrada 173 SUMAC TPI.